**Doris E. CAGLE, Appellant,**

v.

**REGAL PLASTICS COMPANY, and Fireman's Fund Insurance Company, Respondents.**

**No. KCD 27273.**

Missouri Court of Appeals, Kansas City District.

March 31, 1975.

**8**

———◆———

Patrick M. Keating, Kansas City, for appellant.

Kenneth O. Smith, Knipmeyer, McCann, Fish & Smith, Kansas City, for respondents.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

This is a workmen's compensation case wherein the employee-claimant was awarded compensation for an injury to her right leg for six weeks temporary total disability at $70.00 per week, and an allowance of $150.00 for disfigurement, or a total award of $570.00 by the Referee, Division of Workmen's Compensation. Upon review before the Industrial Commission, this award was affirmed. Upon appeal to the circuit court, the award was again affirmed and this appeal followed. Throughout this proceeding there was only one issue involving the merits, that being the nature and extent of appellant's injury and disability.

However, the respondents filed in the circuit court their motion to dismiss the appeal upon the ground that the court had no jurisdiction for the reason that the claimant-appellant had not appealed the judgment of the Industrial Commission affirming the referee's award within 30 days of the date thereof, as required by Section 287.490 RSMo 1969, V.A.M.S. The circuit court overruled this motion to dismiss. Respondents filed their motion to dismiss this appeal upon the same ground, and it was taken with the case.

Appellant, Doris Cagle, was injured on October 28, 1971. Her Claim for Compensation was filed on February 14, 1972, which document shows her then address to be 405 So. Colorado, Kansas City, Missouri. On November 29, 1972, at the hearing before the Referee of the Division of Workmen's Compensation, she testified that she then lived at 3531 East 6th Street, Kansas City, Missouri. The Referee's award was made on December 19, 1972 and a timely Application for Review thereof was filed before the Industrial Commission of Missouri on January 4, 1973. On June 13, 1973, the review was heard before the full commission and its final award affirming the award of the Referee was entered September 10, 1973.

The record shows that on September 10, 1973, a certified letter, with return receipt requested, was mailed from Jefferson City, Missouri, postage prepaid, to "Doris E. Cagle, *405 South Colorado*, Kansas City, Missouri" which contained the commission's final award. This communication was not delivered to the claimant but was returned to the commission "unclaimed". There is no claim made that the appellant ever received notice of this final award or knowledge that it had been entered until November, 1973, under circumstances hereinafter noted. Nevertheless, respondents strongly assert that the 30-day

period of limitation for appeal to the circuit court as provided by Section 287.490 RSMo 1969, V.A.M.S., commenced to run on September 10, 1973, and that since the appellant did not take her appeal within that period, the commission's award became final and conclusive and the circuit court and this court lack jurisdiction over the appeals. It is true that the courts of Missouri have frequently held that the procedural requirements of the Workmen's Compensation law relating to review and appeal are jurisdictional and require strict compliance from the parties. Graves v. O. F. Elliott, Inc., 355 Mo. 751, 197 S.W.2d 977, 979 (banc 1946); Holmes v. Navajo Freight Lines, Inc., 488 S.W.2d 311, 313 [2] (Mo.App.1972); Luketich v. Krey Packing Company, 413 S.W.2d 29, 31 [1, 2] (Mo.App.1967).

■ It should be equally imperative that any administrative body, in this case the Industrial Commission, strictly comply with the procedural requirements imposed upon it under the law. Section 287.470 RSMo 1969, V.A.M.S., provides that after review, the commission "shall immediately send to the parties and the employer's insurer a copy" of its award.

Section 287.520 RSMo 1969, V.A.M.S., provides:

"Notice—manner of serving.

Any notice required under this chapter shall be deemed to have been properly given and served when sent by registered or certified mail properly stamped and addressed to the person to whom given, *at his last known address in time to reach him in due time to act thereon.* * * *" (Emphasis supplied)

The statutory obligation imposed upon the commission by these two statutes is unambiguous and clear. A copy of its final award was required to be *"immediately"* mailed to appellant by registered postpaid mail *"at her last known address"* in time for her to perfect her appeal to the circuit

court within the 30 days as provided by Section 287.490.

The term "last known address" has been given judicial interpretation in the case of Brumbaugh v. Travelers Indemnity Company, 396 S.W.2d 740, 743 [7] (Mo.App. 1965) where a policy of insurance provided for the mailing of cancellation notice to insured's last known address. The court there said (l. c. 743):

"The plaintiff's 'last known address' was that place where mail was most likely to reach her, and that would be her residence. * * *"

Courts of other jurisdictions have also adopted this practical and common sense definition of such statutory terms. See: Glenn v. Holub, 36 F.Supp. 941 [Dist.Iowa 1941] (non resident motorist statute); MacKenzie v. D. C. Unemployment Compensation Board, 129 U.S.App.D.C. 258, 393 F.2d 659, 660 [1] [1968] (unemployment compensation law); Hendershot v. Ferkel, 74 Ohio App. 106, 57 N.E.2d 819, 821 [3] [1943] (non resident motorist statute); State ex rel. Cronkhite v. Belden, 193 Wis. 145, 211 N.W. 916, 920 [8], 57 A.L.R. 1218 [1927] (non resident motorist statute).

While at the time the appellant filed her notice of appeal to the circuit court, she was living at 301 Benton Boulevard, Kansas City, Missouri, there is nothing in the record to show when she moved to that address. She had testified under oath at the hearing before the Referee on November 29, 1972 that she lived at and her residence then was 3531 East 6th Street, Kansas City, Missouri and that certified record was before the commission when the final award was mailed to 405 South Colorado on September 10, 1973. So far as the commission's record of her claim was concerned, her "last known address" was the 6th Street residence given in her sworn testimony. So far as this record is concerned, she may have still resided at the 6th Street address when the award was

mailed or have left adequate forwarding information with the postal authorities.

■ The conclusion is inescapable that the underlying principle inherent in the terms of Sections 287.470 and 287.520 RSMo 1969, V.A.M.S., that the notice of the final award be reasonably calculated to reach her "in due time to act thereon" would be destroyed if the procedures followed by the commission is this case were held to be within the contemplation of those statutory mandates. Those procedures were not in compliance with the statutes and the respondents' motion to dismiss in the circuit court was properly overruled and their motion to dismiss this appeal is hereby overruled.

■ The appellant's first point on this appeal is that the referee, commission, and the circuit court erred in not ruling upon her Motion to Suppress the deposition of Dr. J. A. Nigro. The relevant facts decisive of this point may be briefly stated. The employer and insurer took the deposition of Dr. J. A. Nigro before the initial hearing. The doctor had suffered a heart attack before the hearing and was unable to appear and testify. On the day of the hearing the claimant filed her motion to suppress that deposition and the referee deferred any ruling on the motion until such deposition was offered in evidence. The deposition was not offered in evidence by either party and, as noted, Doctor Nigro did not testify. The questions raised by the motion therefore became moot and it does not appear how the appellant could possibly be prejudiced by the referee's failure to rule on her motion to suppress. Likewise, in the hearing before the Industrial Commission or on appeal to the circuit court, the deposition was not offered by either party. This point is ruled against appellant.

■ A much more serious and perplexing problem is presented by appellant's second point. She asserts that the court (commission) erred in not permitting her to reopen her case to submit additional and newly discovered evidence. As previously noted, the only issue in this case was the nature and extent of her injuries and resulting disabilities. The nature of her initial injuries were to her right leg between the ankle and knee. She was initially treated by doctors for her employer-insurer who thereafter discharged her to seek medical care from her own physician. She was paid compensation and medical expense for this period of temporary total disability in the amount of $2100.00 Upon her release by the company physician she came under the care of Doctor Nigro, was hospitalized and remained under his care until he became ill and was then attended by his associates. The basis of her motion to reopen her claim is that apparently she now suffers from chronic right leg phlebitis, cerebral and pulmonary insufficiency, possible small pulmonary emboli and psychoneurosis secondary to neuritis of the right leg. All of these conditions she asserts are related to and the result of her initial injury and have resulted in her total disability.

The final award of the commission made on September 10, 1973 with reference to the hearing before it on June 13, 1973 contains the following statement:

"It was at this point (following the incident with reference to the Nigro deposition) that employee, while her attorney stood in the doorway preparing to leave, returned to the counsel table and stated that she intended to file a motion to reopen the case even if her attorney was not of the same mind. The Commission feels that the employee has had ample time within which to file said motion if she intended to do so, therefore, the case is taken as submitted."

As discussed above, she did not receive a copy of this final award, but did in fact file a *pro se* "Motion to Reopen Hearing" on November 14, 1973 to which was attached a statement of Dr. J. A. Nigro, dated October 12, 1973, making a diagnosis of the above-related conditions and a letter

dated October 30, 1973, stating that in his opinion she was totally disabled.

On November 15, 1973, the commission acknowledged receipt of this motion and advised her that its final award had become conclusive in that she had not taken an appeal therefrom within 30 days under the provisions of Section 287.490 RSMo 1969, V.A.M.S.

Section 287.480 RSMo 1969, V.A.M.S., applicable to proceedings for review before the full commission, directs that it "shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses" and make its award.

Article III, Rule 12, of the Rules of Practice and Procedure and Interpretive Regulations of the Industrial Commission of Missouri Relating to Workmen's Compensation, adopted by authority granted under Section 286.060(8) RSMo 1969, V. A.M.S., provides:

"Additional Evidence. After an application for review has been filed with the Commission, any interested party may file an application with the Commission for permission to submit additional evidence at a hearing before the full Commission or one of its members. The hearing of additional evidence by the Commission will not be granted except upon the ground of newly discovered evidence which could not with reasonable diligence have been produced at the hearing before the referee. The petition for authority to submit additional evidence must set out specifically and in detail:

(a) The nature and substance of the newly discovered evidence;

*  *  *  *  *  *

(e) Newly discovered medical evidence must be supported by a medical report signed by the doctor and attached to the petition, which report shall contain a synopsis of the doctor's opinion and his reasons therefor and the reasons for not submitting same at the hearing before the referee;

*  *  *  *  *  *

The Commission will consider the application to submit additional evidence and answer, if any, of opposing parties, without oral argument of the parties, and enter an order either granting or denying the application. * * * The Commission is opposed, as a matter of policy, to the granting of the taking of additional testimony except when it considers that such action should be taken in the furtherance of justice. Therefore, all available evidence should be introduced at the hearing before the referee."

While the appellant's *pro se* Motion to Reopen Hearing is not drawn with the skill of an experienced legal scrivener, it substantially complies with the above-quoted rule. The record before this court shows that she filed and was granted leave to pursue her appeal to this court in *forma pauperis*; that she appeared upon the docket of this court *pro se* and that on the day of argument this court granted permission for new counsel, Gary Eldredge, to enter his appearance on her behalf and to orally argue her appeal. Both of her attorneys in the original proceedings are no longer engaged in the practice of law. Her Motion to Reopen Hearing and the attached medical reports seem to raise a substantial question as to her present physical and mental condition and their relationship to the initial work-induced injury. From the conclusion here reached, that the commission's final award of September 10, 1973 was not in fact a final and conclusive award, it is apparent that in the interest of the "furtherance of justice" her Motion to Reopen Hearing should be considered.

■ The law is clear that under the Workmen's Compensation Act the decision as to whether appellant's claim should be reopened for the receipt of additional evidence rests initially in the sound discretion of the commission and the exercise of such discretion will not be disturbed on appeal

**12**

unless it is shown to be arbitrary or unreasonable. Waterman v. Chicago Bridge and Iron Works, 328 Mo. 688, 41 S.W.2d 575, 578 [10, 11] (1931); Lake v. Midwest Packing Company, 301 S.W.2d 834, 835 [2] (Mo.1957); Reece v. St. Joseph Lead Company, 465 S.W.2d 849, 852 [3] (Mo. App.1971).

For the reasons herein stated, the judgment of the circuit court is reversed and the cause is remanded to such court with directions to remand the cause to the Industrial Commission with directions to consider and rule upon appellant's Motion to Reopen Hearing filed before such commission on November 14, 1973, and to take such further action in such proceedings consistent with this opinion.

All concur.