Teresa EIGHMY, Appellant,

v.

TANDY/O'SULLIVAN INDUSTRIES and
Continental Casualty Company,
Respondents.

No. 19008.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 21, 1993.

John C. Banning, Fitzsimmons, Schroeder, Nelson & Reynolds, Springfield, for appellant.

Greg Carter, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for respondents.

MONTGOMERY, Judge.

Teresa Eighmy (Claimant) appeals from an order of the Labor and Industrial Relations Commission (Commission) dismissing Claimant's application for review of an earlier order issued by an administrative law judge (ALJ) of the Division of Workers' Compensation (Division). In that earlier order, the ALJ dismissed Claimant's claim for compensation under the "Workers' Compensation Law," Chapter 287 RSMo 1986, as amended, because Claimant failed to appear at a scheduled hearing.

Because the Commission held no evidentiary hearing in connection with Claimant's application for review, the record before us is entirely documentary. From that meager record, a brief history of the case follows:

Shortly after February 9, 1990, Claimant's employer, Tandy/O'Sullivan Industries (Tandy), filed with the Division a Report of Injury, stating that Claimant alleged she had been injured in an accident on February 9, 1990, arising out of and in the course of her employment.

On January 10, 1992, Claimant filed with the Division a Claim for Compensation, listing as her attorney a member of the Wohlner & Associates law firm. Tandy and its insurer filed an answer to the claim on February 5, 1992.

The Division's Hearing Minute Sheet reflects that prehearing conferences were held on May 13 and August 12, 1992. The handwritten entries for these dates are too illegible for us to accurately recite the events that took place.

The Hearing Minute Sheet also reflects that hearings were held on November 25, 1992, and February 3, 1993. The handwritten entry for November 25, 1992 (almost as illegible as the earlier entries), indicates that Claimant's Wohlner & Associates attorney was "allowed to WD" (which apparently means withdraw). The last handwritten entry, on February 3, 1993, indicates there was "no app" (no appearance) by or for Claimant and includes the remark "Case Dismissed."

The next document in the record is the ALJ's order dismissing the case, dated February 11, 1993. The order recites that, inasmuch as notice of the February 3, 1993, hearing had been directed to the Claimant at her last known address by certified mail and Claimant had failed to appear ready for hearing, the claim for compensation was dismissed.

On July 9, 1993, Claimant filed an Application for Review with the Commission, alleging that neither she nor her current attorneys received notice of the February 3, 1993, hearing and that she had good cause for failing to appear. By an order dated July 23,

1993, the Commission dismissed the application, finding that it was untimely filed under § 287.480 [1] and that the Commission therefore lacked jurisdiction.[2]

■ Claimant's first point on appeal, *infra*, responds to the Commission's dismissal and to the reasoning behind it:

> The ... Commission erred and acted in excess of its powers by dismissing Teresa Eighmy's Application for Review and denying an evidentiary hearing because Teresa Eighmy complied with the twenty day time limit of Section 287.480, RSMO, in that notice of the dismissal was not mailed to Teresa Eighmy as required by Section 287.460, RSMO, so the twenty day time limit did not begin to run until Teresa Eighmy received notice of the dismissal and the Application for Review was filed within twenty days after Teresa Eighmy received notice of the dismissal; and Teresa Eighmy had good cause for failing to appear at the February, 1993, hearing.

In deciding this issue, we first note that the scope of our review is established by § 287.495.1, which in relevant part states as follows:

> Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;

1. Statutory references are to RSMo 1986 unless otherwise indicated.

2. In pertinent part, Section 287.480 provides as follows:
   If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing

was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file it in like manner as specified in section 287.470.

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

We also note, as Claimant correctly submits, that § 287.655, RSMo Supp.1992, applies to this case:

Any claim before the division may be dismissed for failure to prosecute in accordance with rules and regulations promulgated by the commission, except such notice need not be by certified or registered mail if the person or entity to whom notice is directed is represented by counsel and counsel is also given such notice at counsel's last known address. *To dismiss a claim the administrative law judge shall enter an order of dismissal which shall be deemed an award* and subject to review and appeal in the same manner as provided for other awards in this chapter. (Emphasis added).

In addition, as authorized by § 536.031.5, we take judicial notice of 8 CSR 50–2.010(19) promulgated by the Commission and applicable to the Division:

If claimant fails to enter his/her appearance either in person or by counsel at the first setting for hearing of his/her claim and the same is continued, claimant shall be notified of the second setting by certified United States mail. If s/he fails to appear at the second setting, his/her claim may be dismissed for want of prosecution.

As best we can ascertain from the record, Claimant failed to appear for the hearing on November 25, 1992, and on that date, in addition to allowing Claimant's attorney to withdraw, the ALJ rescheduled the hearing for February 3, 1993. However, other than a bare recital in the order of the ALJ dated February 11, 1993, nothing in the record reveals that Claimant was notified of the second setting by certified United States mail.

Because the dismissal of her claim was an award, Claimant argues that § 287.460 imposed upon the Division certain procedural requirements—requirements that the Division ignored. Section 287.460 provides that

"a copy of the award shall immediately be sent by registered United States mail to the parties in dispute and the employer's insurer." Claimant states that she received no such copy or notice of the award and emphasizes that the record fails to reveal that a copy of the award was sent to her. Relying on *Cagle v. Regal Plastics Co.*, 522 S.W.2d 7 (Mo.App.1975), she argues that failure of the Division to comply with this statute extends the 20–day time limit for filing her Application for Review.

In *Cagle*, the employer moved to dismiss claimant's appeal to the circuit court on the ground that the court had no jurisdiction, because the claimant failed to appeal the Commission's award within 30 days as required by § 287.490, RSMo 1969. The circuit court overruled this motion, and the same motion was presented to and overruled by the appellate court.

The claimant's dilemma in *Cagle* arose because the address listed on her original Claim for Compensation was different from the address she gave during testimony at a subsequent hearing before a referee. Between the filing of the claim and the hearing, the claimant had moved. Upon claimant's application for review, the Commission entered a final award affirming the referee's award. The record revealed that the Commission sent a copy of its final award by certified mail, return receipt requested, with postage prepaid, to claimant at the address listed on her Claim for Compensation—not her last known address. The letter was returned "unclaimed." [3]

Similar to Tandy's argument here, the employer in *Cagle* asserted that the 30–day time requirement in § 287.490, RSMo 1969, was jurisdictional. Like Tandy, the employer attached no importance to allegations that the employee never received a copy of the Commission's award.

Clearly, the *Cagle* court recognized the rule that the procedural requirements of Chapter 287 relating to review and appeal (e.g., timely filing) are jurisdictional and require strict compliance. 522 S.W.2d at 9.

---

**3.** Contrast the contents of this record with the record before us, which fails to reveal that the Division mailed anything to Claimant or to her counsel, before or after counsel withdrew.

This is the rule followed in *Knuckles v. Apex Industries, Inc.*, 762 S.W.2d 542 (Mo.App. 1988), the case upon which Tandy strongly relies. In *Knuckles*, however, the issue of the Division's failure to comply with § 287.-460 was not raised. We therefore find *Knuckles* inapplicable.

Instead, we turn once more to *Cagle*. After first recognizing the rule that parties must strictly comply with the procedural requirements of Chapter 287, the *Cagle* court noted a corollary rule: "It should be equally imperative that any administrative body, in this case the Industrial Commission, strictly comply with the procedural requirements imposed upon it under the law." 522 S.W.2d at 9.

One of the procedural requirements imposed upon the Commission at the time of *Cagle* was that, after review, the Commission "shall immediately send to the parties and the employer's insurer a copy" of its award. § 287.470, RSMo 1969.[4] Another requirement, regarding the manner of serving notice, was found in § 287.520, RSMo 1969[5]:

> Any notice required under this chapter shall be deemed to have been properly given and served when sent by registered or certified mail properly stamped and addressed to the person to whom given, at his last known address in time to reach him in due time to act thereon.

The *Cagle* court determined that these two statutes were clear and unambiguous and required the Commission to "immediately" mail, in a proper manner, a copy of its final award to claimant "in time for her to perfect her appeal to the circuit court" within the required time period. *Cagle*, 522 S.W.2d at 9.

Holding that the Commission's procedures failed to comply with the statutes and that

appellate jurisdiction was therefore properly invoked, the *Cagle* court said:

> The conclusion is inescapable that the underlying principle inherent in the terms of Sections 287.470 and 287.520 RSMo 1969, V.A.M.S., that the notice of the final award be reasonably calculated to reach her "in due time to act thereon" would be destroyed if the procedures followed by the commission in this case were held to be within the contemplation of those statutory mandates.

*Id.* at 10.[6]

We find the reasoning in *Cagle* persuasive. Here, the record provides no hint that the Division complied with § 287.460 and "immediately" sent Claimant a copy of the award. Only by speculation could the Commission have decided that Claimant received notice of the ALJ's award "in due time to act thereon" as required by § 287.520, RSMo Supp.1992. Obviously, the procedure followed by the Division, in the record before us, fails to comply with these two statutes.

Following the principle announced in *Cagle*, we hold that the Commission had jurisdiction to act on Claimant's Application for Review and exceeded its authority by dismissing the application.[7]

▮ Still to be decided is whether Claimant had good cause for failing to appear at the February 3, 1993, hearing. Her Application for Review alleges facts purporting to show good cause for her inaction. Without an evidentiary hearing, the truth or falsity of those allegations remains unknown.

In a case of similar posture, *Ross v. Safeway Stores, Inc.*, 738 S.W.2d 611 (Mo.App. 1987), this Court held that the claim should be remanded to the Commission with directions to hold an evidentiary hearing to

---

4. The language in that statute is quite similar to that found in § 287.460.

5. § 287.520, RSMo Supp.1992, is almost identical to its predecessor except for an additional provision that such notice may be sent to counsel for the party entitled to notice.

6. One appeals court has construed *Cagle* as standing for the principle that failure by the commission to strictly comply with statutory procedural requirements renders void any final award it issues. *Williams v. Marcus*, 652 S.W.2d 893, 894 (Mo.App.1983).

7. Tandy and its insurer filed a motion to dismiss Claimant's appeal on the premise that this Court lacks jurisdiction due to the untimely filing of Claimant's Application for Review. The motion was taken with the case. Having rejected that premise, we likewise deny the motion.

determine the truth or falsity of the allegations in claimant's application for review. *Id.* at 616. In *Ross,* we suggested that the Commission arguably had authority to remand the claim to the Division for the evidentiary hearing but emphasized that the Commission itself had authority to hear evidence in addition to that before the ALJ. *Id.* at 617. The procedure required in *Ross* must be followed in the present case.

 In Claimant's remaining point she complains that the ALJ's dismissal of her claim was without prejudice; therefore, she reasons, the Commission erred by refusing to accept the subsequent Claims for Compensation she filed based on the January 9, 1990, injury. She filed those subsequent claims in July and August 1993.

For at least two reasons we decline to decide this point. First, should the Commission find good cause for Claimant's failure to appear for the February 3, 1993, hearing, the claim will be heard on its merits, and this point would be moot. Second and more importantly, the record before us contains nothing that indicates the Commission took any action on the Claims for Compensation Claimant filed in July and August 1993. We cannot assume the Commission refused to allow Claimant to file the later claims, especially since both claims bear the Division's stamp, indicating the claims have been filed. As earlier noted, our review of this case is governed by § 287.495.1, which allows this Court to review only questions of law. Absent a ruling by the Commission, no legal question has been preserved for our review. *See Long v. City of Hannibal,* 670 S.W.2d 567, 570 (Mo.App.1984). Should Claimant receive an adverse ruling after the evidentiary hearing concerning good cause, she can obtain a ruling on the validity of the later filed claims and, depending on that ruling, appeal anew.

The Commission's order of July 23, 1993, dismissing Claimant's Application for Review is reversed, and the claim is remanded to the Commission with directions that an evidentiary hearing be held to determine the facts surrounding Claimant's failure to appear at the hearing on February 3, 1993, and wheth-er such facts constitute good cause for Claimant's non-appearance.

If the Commission finds that Claimant lacked good cause for failing to appear at said hearing, the Commission may properly enter a final award affirming the ALJ's order of dismissal. On the other hand, if the Commission finds that the Claimant had good cause for failing to appear at said hearing, the Commission shall vacate and set aside the ALJ's order of dismissal and direct that the Division provide Claimant a reasonable opportunity for a hearing on the merits of her claim.

It is so ordered.

PARRISH, C.J., and SHRUM, J., concur.