STATE of Missouri, ex rel. the DOE RUN COMPANY, Relator/Appellant,

v.

The Honorable Leslie E.H. BROWN, Respondent/Respondent.

No. 68222.

Missouri Court of Appeals, Eastern District, Division Five.

March 12, 1996.

S. Paige Canfield, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Becky Owenson Kilpatrick, Assistant Attorney General, Jefferson City, for Respondent.

Before REINHARD, P.J. and KAROHL and GRIMM, JJ.

### ORDER

Robin E. Fulton, Schnapp, Fulton, Fall, McNamara & Silvey, L.L.C., Fredericktown, for Appellant.

Robert J. Keefe, Randall, Keefe & Griffiths, P.C., St. Louis, for Respondent.

## OPINION

SIMON, Judge.

Initially we handed down an opinion transferring this cause to our Supreme Court. The Supreme Court retransferred this cause without direction. Accordingly, we are reissuing our original opinion with changes.

The facts are not in dispute. Respondent, The Honorable Leslie E.H. Brown, Administrative Law Judge (ALJ), has admitted the truth of the factual allegations contained in employer's petition for writ of prohibition or in the alternative for mandamus, but has denied the legal conclusions drawn from those facts.

On May 2, 1991, Robert Rickett, employee, filed three workers' compensation claims against employer, The Doe Run Company, for alleged injuries arising out of his employment in Jefferson County, Missouri. Employee's claims were assigned to respondent. Employee failed to appear at the first scheduled hearing on October 26, 1992, and failed to appear at the second scheduled hearing in Festus, Jefferson County, on December 21, 1994. At that time, respondent stated orally that employee's claims would be dismissed.

On January 3, 1995, respondent entered orders of dismissal of the claims for employee's failure to prosecute. On January 10, 1995, employee's attorney filed a motion to reinstate the claims on the basis that employee had been located in Knoxville, Tennessee. On January 11, 1995, respondent entered orders setting aside the dismissals thereby reinstating employee's claims.

After the reinstatement orders were issued, employer filed a petition for writ of prohibition or in the alternative for mandamus in the Circuit Court of Jefferson County seeking to prohibit respondent from proceeding in the underlying workers' compensation cases on the basis that respondent had exceeded her authority by reinstating the cases after they had been dismissed. The trial judge issued a preliminary order in prohibition prohibiting respondent from proceeding with employee's workers' compensation cases and directed respondent to answer employer's writ.

After respondent filed her answer and oral argument was heard, the trial judge found that the original dismissal of the claims by respondent was a final award and respondent had the authority to reinstate the workers' compensation claims within twenty days after the claims were dismissed. Employer's motion for a permanent order in prohibition was denied and the preliminary order in prohibition was quashed.

■ Initially, we note that since a preliminary order in prohibition had been granted, an appeal is the proper procedure for review. *State ex rel. River Cement Co. v. Pepple,* 585 S.W.2d 122, 123[1] (Mo.App.1979).

■ In its only point, employer contends that the trial court erred in overruling its motion for a permanent order in prohibition. Employer contends that respondent (ALJ) exceeded her authority by reinstating employee's claims, contrary to § 287.610.2 R.S.Mo.1994 (all further references shall be to R.S.Mo.1994 unless otherwise noted). In the trial court, employee argued that the workers' compensation statute, § 287.610.2, does not specifically address whether an ALJ retains jurisdiction over an "award" within

the first twenty days after the award is issued.

Here, the issue concerns the apparent conflict between § 287.610.2 and 8 CSR 20–3.010(2)(c). Section 287.610.2 provides in pertinent part:

2. The [ALJs] appointed by the division shall only have the jurisdiction to hear and determine claims upon original hearing and shall have no jurisdiction whatsoever upon any review hearing, whether in the way of an appeal from an original hearing or by way of reopening any prior award; however, the labor and industrial relations commission may remand any decision of an [ALJ] for a more complete finding of fact ... Any award by an [ALJ] upon an original hearing shall have the same force and effect, shall be enforceable in the same manner as provided elsewhere in this chapter for awards by the labor and industrial relations commission, and shall be subject to review as provided by section 287.480.

The regulation provides in pertinent part:

An Administrative Law Judge shall not have any authority to change or modify a final award issued by an Administrative Law Judge after the lapse of twenty (20) days from the date of issuance of an award or after an application for review (see 8 CSR 20–3.030) has been filed with the Commission in connection with any final award order or decision of an Administrative Law Judge.

8 CSR 20–3.010(2)(c). Impliedly, this regulation authorizes an ALJ to change or modify any final award within twenty days of its issuance.

■ Like all administrative bodies, the Labor and Industrial Relations Commission has only such jurisdiction as is conferred upon it by statute. See § 286.060; Mikel v. Pott Industries/St. Louis Ship, 896 S.W.2d 624, 626[2, 3] (Mo. banc 1995). Pursuant to §§ 286.060.1(4) and (8), the commission has the power to enact "regulations covering its proceedings in connection with the exercise of its quasi-judicial functions." However, agency rules or regulations are void if they are beyond the scope of authority conferred

upon the state agency or if they attempt to expand or modify statutes. Brown v. Melahn, 824 S.W.2d 930, 933[2–4] (Mo.App.E.D. 1992); see also § 286.060.2. Further, it is well settled that a regulation may not conflict with a statute and if it does, the regulation must fail. Johnson v. Labor and Industrial Relations Commission, 591 S.W.2d 241, 244 (Mo.App.1979). Rules and regulations must be sustained unless unreasonable and plainly inconsistent with the statute. See Brown, 824 S.W.2d at 933[2–4].

■ The fundamental rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. Abrams v. Ohio Pacific Exp., 819 S.W.2d 338, 340[1–3] (Mo. banc 1991). There is no room for construction where words are plain and admit to but one meaning. Id. Further, where no ambiguity exists, there is no need to resort to the rules of construction. Id. In determining whether the language is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence. Wolff Shoe Co. v. Director of Revenue, 762 S.W.2d 29, 31[3–5] (Mo. banc 1988). Moreover, the plain and unambiguous language of a statute cannot be made ambiguous by administrative interpretation and thereby given a meaning which is different from that expressed in a statute's clear and unambiguous language. Id.

■ Here, the words of § 287.610.2 are plain and clear and leave no room for construction. They admit to but one meaning. The statute provides "no jurisdiction whatsoever" in addressing the authority of an ALJ to review by way of appeal or by reopening any prior award. The plain and ordinary meaning of § 287.610.2 is that an ALJ lacks the authority to reopen a prior award at any time.

■ Respondent contends that a dismissal for failure to prosecute is not an "award" under Missouri workers' compensation law. This argument is clearly without merit. Section 287.655 provides, in pertinent part: "an

order of dismissal ... shall be deemed an award and subject to review on appeal in the same manner as provided for other awards in this chapter." The proper avenue for review of a dismissal for failure to prosecute is by filing an application for review with the commission within twenty days of the award date. § 287.480. A dismissal is clearly an award under workers' compensation law. *See Eighmy v. Tandy/O'Sullivan Industries,* 867 S.W.2d 688, 690[2] (Mo.App.S.D.1993).

 We note that workers' compensation law is to be construed liberally. Specifically, § 287.800 states:

All the provisions of this chapter shall be liberally construed with a view to the public welfare, and a substantial compliance therewith shall be sufficient to give effect to the rules, regulations, requirements, awards, orders or decisions of the division and commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto.

In interpreting this section it has consistently been held that the workers' compensation law should be liberally construed in furtherance of the purpose of enabling employees to receive compensation for injuries arising out of and in the course of employment. *See, e.g., Spradling v. International Shoe Co.,* 364 Mo. 938, 270 S.W.2d 28 (1954). Further, all doubts in workers' compensation cases are resolved in favor of the employee, as workers' compensation provisions are to be liberally construed with a view to public welfare. *State ex rel. Lakeman v. Siedlik,* 872 S.W.2d 503 (Mo.App.1994).

Although the act should be construed liberally in favor of the employee to secure its benefits to the greatest number, procedures outlined for appeal in workers' compensation cases are mandatory. *See Wilson v. ANR Freight Systems,* 892 S.W.2d 658, 662[11–15] (Mo.App.E.D.1994); *Eighmy,* 867 S.W.2d at 691[2]. Absent ambiguities in the statute, strict compliance with the requirements of the workers' compensation law relating to review and appeal are jurisdictional. *Id.* The statute in question is clear and unambiguous, therefore, the procedure outlined in the statutes for review of a dismissal for failure to prosecute is mandatory.

To the extent that 8 CSR 20–3.010(2)(c) is interpreted as granting an ALJ the authority to reinstate a dismissed workers' compensation claim within twenty days of a dismissal order, we find that it is in conflict with § 287.610.2 and is therefore invalid. Respondent was without jurisdiction to reinstate employee's compensation claims against employer. Accordingly, the trial court erred in denying employer's motion for a permanent writ in prohibition and quashing the preliminary writ.

Therefore, the judgment is reversed and cause remanded with directions for the trial court to make permanent its preliminary order in prohibition.

CRANE, C.J., and TURNAGE, Sr. J., concur.