STATE of Missouri ex rel. FAMOUS
BARR COMPANY, Relator,

v.

The LABOR AND INDUSTRIAL
RELATIONS COMMISSION,
Respondent.

No. WD 52359.

Missouri Court of Appeals,
Western District.

Submitted Aug. 21, 1996.

Decided Sept. 10, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 29, 1996.

James A. Thoenen, St. Louis, for Relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., R.
Lucas Boling, Asst. Atty. Gen., Jefferson
City, for Respondent.

Before SMART, P.J., and
BRECKENRIDGE and ELLIS, JJ.

### ORIGINAL PROCEEDING
### IN PROHIBITION

SMART, Judge.

Famous Barr Company ("Famous Barr")
seeks a writ of prohibition against the Labor
and Industrial Relations Commission ("Com-
mission") in order to bar the Commission
from reinstating a workers' compensation
claim filed by Roxie Lear and dismissed by
an administrative law judge ("ALJ"). Fa-
mous Barr claims that because no timely
application for review was filed with the
Commission, the Commission is without jur-
isdiction. We agree and now make our pre-
liminary order in prohibition and mandamus
absolute.

Roxie Lear filed a claim for compensation
with the Commission in January, 1992, stat-
ing that, "Claimant sustained injuries to both
feet while in the course and scope of her
employment due to constant irritation of
large toe caused by compulsory wearing of
dress shoes." Originally, a hearing was set
on January 23, 1995. The matter was reset
for a hearing on August 17, 1995. Lear did
not appear at this hearing and the ALJ

dismissed the claim. The ALJ's minutes contain the notation, "8/17/95 ... Claim dismissed for failure to prosecute." Lear filed a "motion to set hearing to reinstate" with the ALJ on September 5, 1995. A hearing on the matter was held on October 19, 1995. The ALJ concluded that he no longer had jurisdiction over the claim, and was unable to reinstate the claim. On November 7, 1995, Lear filed a motion for review with the Commission. The Commission concluded that the verbal order denying Lear's motion was appealable. The Commission determined that it had jurisdiction, and found the August 17, 1995 order dismissing the claim to be void because the dismissal did not state the reason for the dismissal. The Commission noted that if the cause was dismissed for any other reason other than lack of prosecution or voluntary dismissal on behalf of the employee, it is void. Famous Barr petitioned this court for a preliminary writ, which we granted on April 30, 1996. That writ is now made absolute.

▆▆▆ Section 287.480, RSMo 1994, provides:

If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file it in like manner as specified in section 287.470. . . .

The time limit for filing such an application is jurisdictional. *Tabb v. McGinley*, 313 S.W.2d 745, 748 (Mo.App.1958). The Commission did not have jurisdiction in the matter because Lear's motion for review was filed 80 days after the dismissal order was entered by the ALJ. The order dismissing the cause, dated August 17, 1995, was an award for the purposes of the appeal procedures outlined in Chapter 287. Section 287.655, RSMo 1994, states:

Any claim before the division may be dismissed for failure to prosecute in accordance with rules and regulations promulgated by the commission. . . . To dismiss

a claim the administrative law judge shall enter an order of dismissal which shall be deemed an award and subject to review and appeal in the same manner as provided for other awards in this chapter.

The ALJ's jurisdiction is limited. His only jurisdiction is "to hear and determine claims upon original hearing." *§ 287.610.2, RSMo 1994.* Moreover, he "shall have **no jurisdiction whatsoever** upon any review hearing, either in the way of an appeal from an original hearing or by way of reopening any prior award." *Id.* (emphasis added). The ALJ lost jurisdiction over the matter after the August 17, 1995 dismissal. The correct procedure, appeal to the Commission, is clearly outlined in the statutes. Lear chose not to appeal to the Commission, but instead pursued an order of reinstatement from the ALJ. Unfortunately, the procedures outlined in Chapter 287 do not authorize such an approach. As the Eastern District recently pointed out:

Here, the words of § 287.610.2 are plain and clear and leave no room for construction. They admit to but one meaning. The statute provides "no jurisdiction whatsoever" in addressing the authority of an ALJ to review by way of appeal or by reopening any prior award. The plain and ordinary meaning of § 287.610.2 is that an ALJ lacks the authority to reopen a prior award at any time.

*State ex rel. Doe Run Co. v. Brown,* 918 S.W.2d 303, 306 (Mo.App.1996).

The ALJ had no jurisdiction once the August 17, 1995 order dismissing the action was entered. Lear had twenty days to file for review with the Commission. The Commission, like other administrative bodies, has only the jurisdiction conferred by statute. *Id.* The Commission was without jurisdiction to entertain Lear's petition and to review the dismissal because Lear's petition was filed outside the twenty day time period.

Accordingly, our preliminary writ is made absolute.

All concur.