Janice MOSBY, Employee/Appellant,

v.

**TREASURER OF STATE OF MISSOURI, as Custodian of the Second Injury Fund, Respondent.**

No. 71856.

Missouri Court of Appeals, Eastern District, Division Six.

Sept. 23, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1997.

Robert T. Hart, St. Louis, for employee/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Karla O. Boresi, Asst. Atty. Gen., St. Louis, for respondent.

Before REINHARD, P.J., and KAROHL and RHODES RUSSELL, JJ.

PER CURIAM.

Claimant appeals from the dismissal by the Labor and Industrial Relations Commission (Commission) of her application for review of

the dismissal of her claim for Second Injury Fund (Fund) benefits by the Administrative Law Judge (ALJ). We affirm.

The report of injury and claim for compensation stated that on November 21, 1989, claimant, a school principal, was injured in a car accident while driving to pick up Thanksgiving baskets. The minutes reveal the claim was dismissed on June 19, 1995, for "failure to prosecute," and the ALJ entered an order of dismissal the following day. The order listed the parties and their addresses and stated: "Each of the above parties is hereby notified that the Claim for Compensation for the above injury is dismissed." On June 28, 1995, the ALJ entered an order setting aside the dismissal. On September 10, 1996, the western district rendered the decision of *Famous Barr v. Labor and Indus. Relations Com'n,* 931 S.W.2d 892, 893 (Mo.App. W.D.1996) This case held that an ALJ loses jurisdiction once a dismissal has been entered. On November 1, 1996, claimant and the Fund attorney appeared, and the ALJ found that he had no jurisdiction under *Famous Barr.*

On November 5, 1996, claimant filed an application for review with the Commission. The Commission dismissed the application for lack of subject matter jurisdiction because it had been filed more than twenty days after the entry of the dismissal order.

On appeal, claimant contends the twenty day time limit did not apply because the record did not indicate that she received notice of the June 20, 1995 dismissal order. We disagree.

■ Section 287.480, RSMo 1994,[1] provides that an application for review must be filed within twenty days from the date of the award. A dismissal is an award for purposes of Chapter 287. *Famous Barr,* 931 S.W.2d at 893.

■ Section 287.460.1 provides that "a copy of the award shall immediately be sent by United States mail to the parties in dispute and the employer's insurer." Section 287.520 also sets forth notice requirements:

Any notice required under this chapter shall be deemed to have been properly given and served when sent by registered or certified mail properly stamped and addressed to the person or entity to whom given, at the last known address in time to reach the person or entity in due time to act thereon, or to counsel for that person or entity in like manner. Notice may also be given and served in like manner as summons in civil actions.[2]

Failure to comply with the statutory notice requirements extends the twenty day time limit for filing an application for review. *Eighmy v. Tandy/O'Sullivan Industries,* 867 S.W.2d 688, 691 (Mo.App. S.D.1993).

In *Eighmy,* the Commission dismissed the claimant's application for review because it was filed more than twenty days after the order of dismissal by the ALJ. 867 S.W.2d at 689. On appeal, the Southern District found that the record contained "no hint" that the Division of Workers' Compensation (Division) complied with section 287.460 by immediately sending the claimant a copy of the ALJ's dismissal of her claim. *Id.* at 691. The court concluded that the Division's failure to comply with the statutory notice requirement extended the twenty day time limitation for filing the application for review and reversed the Commission's order of dismissal. *Id.*

■ Initially, we wrote an opinion which relied on *Eighmy* and reversed the decision of the Commission. The Fund filed a motion for rehearing, in which it asserts that claimant "received actual notice of the June 20 Dismissal because she had the Dismissal set aside by the ALJ on June 28 . . . ." In sup-

---

1. All statutory citations are RSMo 1994.

2. Section 287.655 also refers to the notice requirement for dismissal orders:
   Any claim before the division may be dismissed for failure to prosecute in accordance with rules and regulations promulgated by the commission, except such notice need not be by certified or registered mail if the person or entity to whom notice is directed is represented by counsel and counsel is also given such notice at counsel's last known address.
   *See also* MO. CODE REGS. tit. 8, Section 50–2.010(19), which provides that a notice of dismissal must be sent by certified mail unless the party is represented by an attorney. Here, claimant appeared pro se at the hearings before the ALJ.

port of this assertion, the Fund cites a portion of the minutes, dated June 28, 1995, which states, "SIF [Fund] dismissal set aside[.] Set SIF P.H." In addition, the Fund also refers us to the following statement in claimant's Description of the Case attached to the Notice of Appeal to this court: "[Claimant] contacted the court upon the receipt of the order of dismissal and the case was reopened withint [sic] the twenty one day hearing period." The Fund contends in its motion for rehearing that this latter statement was an admission by claimant that she received actual notice of the dismissal within eight days after it was issued. We agree.

■ "A party who has received actual notice is not prejudiced by and cannot complain of the failure to receive statutory notice." *Bosworth v. Sewell,* 918 S.W.2d 773, 778 (Mo. banc 1996). Claimant was given an opportunity to respond to the Fund's contention and has presented nothing to support a conclusion other than she received actual notice of the June 20, 1995, dismissal order. Thus, this admission on the part of claimant shows that prior to the date the ALJ attempted to set aside his dismissal, claimant had received notice. Having received notice, claimant's time for filing an application for review was twenty days. Her application for review was not filed until over a year later. The Commission was without jurisdiction and properly dismissed claimant's application for review.

The judgment is affirmed.