Jimmy CLANTON, Employee–Appellant,

v.

TELEDYNE NEOSHO, Employer–Respondent,

and

Argonaut Insurance Company, Insurer.

No. 21672.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 13, 1998.

Glenn R. Gulick, Jr., Hershewe & Gulick, P.C., Joplin, for Employee–Appellant.

Ronald G. Sparlin, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for Employer–Respondent.

BARNEY, Judge.

Jimmy Clanton (Appellant) appeals from the order of the Labor and Industrial Relations Commission (Commission) affirming the decision of an administrative law judge (ALJ) denying Appellant's "Amended Motion to Reopen Claim." [1]

The Appellant had never filed a formal claim for compensation. *See* 8 CSR 50–2.010. The Commission held that "[s]ince [Appellant] has not filed a claim for compensation in this matter, and the record contains no indication that there was a settlement of a claim, we find no jurisdiction under § 287.430.2 to reactivate or reopen [Appellant's] case." [2]

Appellant maintains that the Commission erred in denying him the right to reopen his purported claim against his former employer, Teledyne, and cites section 287.430.2 as authority for his action. Appellant argues that the "sole basis for the denial [of his amended motion to reopen his claim] was that [Appellant] had never settled a claim against his employer." He maintains that the "reading of the statute, while perhaps literally correct, subverts the true legislative intent as well as the purpose of the entire Workers' Compensation Act." We disagree.

Section 287.430.1 reads, in pertinent part, as follows:

Except for a claim for recovery filed against the second injury fund, no proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death, except that if the report of the injury or death is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury, death, or last payment made under this chapter on account of the injury or death. *The filing of any form, report, receipt or agreement, other than a claim for compensation shall not toll the running of the periods of limitation provided in this section.* The filing of the report of injury or death three years or more after the date of injury, death, or last payment made under this chapter on account of the injury or death, shall not toll the running of the periods of limitation

---

1. The record shows that Appellant filed an "Amended Motion to Reopen Claim" wherein Appellant requested a replacement of a hearing aid.

2. All statutory references are to RSMo 1994, unless otherwise indicated.

provided in this section, nor shall such filing reactivate or revive the period of time in which a claim may be filed. (emphasis added).

Section 287.430.2 provides that:

The director of the division shall establish a procedure whereby a *claim for compensation* may be reactivated *after settlement of such claim is completed.* The claim shall be reactivated only after the claimant can show good cause for the reactivation of this claim and the claim shall be made only for the payment of medical procedures involving life threatening surgical procedures or if the claimant requires the use of a new or the modification, alteration or exchange of an existing prosthetic device. For the purpose of this subsection, "life threatening" shall mean a situation or condition which, if not treated immediately, will likely result in the death of the injured worker. (emphasis added).

■■■■ "The fundamental rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *State ex rel. Doe Run Co. v. Brown,* 918 S.W.2d 303, 306 (Mo.App.1996)(citing *Abrams v. Ohio Pacific Exp.,* 819 S.W.2d 338, 340 (Mo. banc 1991)). "In determining whether the language is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence." *Id.*

■■■■ "Like all administrative bodies, the Labor and Industrial Relations Commission has only such jurisdiction as is conferred upon it by statute." *Brown,* 918 S.W.2d at 306. The plain and ordinary meaning of section 287.430.2 compels the conclusion that before a "reactivation" of a claim for compensation occurs, there are three prerequisites that must be satisfied: (1) a claim for compensation must have been filed within the time frame of the statute of limitation. *See* § 287.430.1; (2) the claim for compensation must have been settled; and (3) good cause

must be shown for the reactivation of the claim. *See generally* § 287.430.2.[3]

■■■■ As best as can be gleaned from the record, in 1986 a "Report of Injury" was filed with the Division of Workers' Compensation and was designated as "Injury No. 86–007333" for "hearing loss [that] was noise related over a period of time." Reflected in a "Conference Minute Sheet" dated June 26, 1986, found in the record, is a notation "medical $1299." No specific mention is made as to what constituted the medical assistance rendered. The Conference Minute Sheet has notations, apparently made by an ALJ closing the Division's file, reciting that "[e]mployee claims nothing—at employee's request—close file." Approximately seven years later, Appellant filed his original motion to "reopen" his claim. However, the record is devoid of any showing that Appellant filed a claim for compensation within the time prescribed by the applicable statute of limitation. *See* § 287.430.1.[4] Once the original statute of limitation expired and barred the claim, the employer acquired a vested right to be free from compensation proceedings. *See Doe v. Roman Catholic Diocese of Jefferson City,* 862 S.W.2d 338, 341 (Mo. banc 1993); *see also Wheeler v. Missouri Pac. R. Co.,* 328 Mo. 888, 42 S.W.2d 579, 583–84 (1931).

Under Appellant's interpretation of section 287.430.2, although no formal claim for compensation was filed and no settlement of the claim was made, if a report of injury was filed and some medical treatment had been provided by an employer, then claimant merely needs to show future, additional needs either for a new prosthetic device or modification or alteration/exchange of an existing one, in order to "reactivate" a file. Such reasoning collides with the requirements of section 287.430.

It has long been established that a claim for compensation must be direct and unequivocal and must call for some immediate action by the Commission. *See Higgins v.*

---

**3.** We make no determination as to what constitutes a "settlement" under § 287.430.2. In this connection, *see Shockley v. Laclede Elec. Co-op.,* 825 S.W.2d 44, 47 (Mo.App.1992).

**4.** *See also* §§ 287.063.3, 287.197.7.

*Heine Boiler Co.,* 328 Mo. 493, 41 S.W.2d 565, 572 (1931) (citations omitted). 8 CSR 50–2.010 governs the administrative procedure relating to the filing of a claim for compensation resulting from either an injury or occupational disease. 8 CSR 50–2.010(11) provides that the claim must be filed within the time prescribed by the applicable statute of limitation governing the particular injury or occupational disease.

While a "report of injury" was filed in the instant matter in 1986, *see* 8 CSR 50–2.010(1)(Commission Form 1), and the record shows a conference minute sheet dated June 26, 1986, "[t]he filing of any form, receipt, report, or agreement, *other than a claim for compensation* shall not toll the running of the periods of limitation provided in [the] section." § 287.430.1, *supra.* (emphasis added). As mentioned previously, the record is devoid of a showing that Appellant filed a *claim for compensation. See generally* 8 CSR 50–2.010. The Commission had no jurisdiction under section 287.430.2 to reactivate or reopen Appellant's purported claim. *See Brown,* 918 S.W.2d at 306.

The Order of the Labor and Industrial Commission isaffirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.