Gloria DONEFF, Claimant/Appellant,

v.

**TREASURER OF STATE OF MISSOURI, as Custodian of the Second Injury Fund, Respondent.**

No. 72436.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 10, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 20, 1998.

Application for Transfer Denied
May 26, 1998.

Richard Schaffer, Clayton, for claimant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Julie K. Morian, Asst. Atty. Gen., St. Louis, for respondent.

CRANDALL, Judge.

Claimant, Gloria Doneff, appeals from the dismissal by the Labor and Industrial Relations Commission (Commission) of her application for review of the dismissal of her claim for Second Injury Fund (Fund) benefits. We affirm.

The report of injury and claim for compensation stated that on September 18, 1992, claimant, a secretary, was injured when she tripped over binders stacked in the hallway. The Administrative Law Judge (ALJ) dismissed the claim against the Fund on June 15, 1995, for failure to prosecute. The minutes reflect that on that date claimant did not appear. On June 27, 1995, the ALJ entered an order setting aside the dismissal. On January 7, 1997, the ALJ again dismissed the claim against the Fund for failure to prosecute.

On January 31, 1997, claimant applied for review to the Commission of the January 1997 order of dismissal. The Commission found that in light of the June 1995 dismissal and claimant's subsequent failure to make a timely application for review of that dismissal, the June 1995 order of dismissal was final and the Commission lacked jurisdiction to conduct further proceedings.

■ The threshold issue is whether the Commission had jurisdiction in this matter. Section 287.480, RSMo (1994) provides:

> If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file it in like manner as specified in section 287.470....

The time limit for filing such an application is jurisdictional. *State ex rel. Famous Barr Co. v. Labor and Indus. Relations Comm'n.*, 931 S.W.2d 892, 893 (Mo.App. W.D.1996). An order of dismissal for failure to prosecute is deemed an award for purposes of appeal. *Id.;* section 287.655, RSMo (1994). The ALJ has limited jurisdiction and has no jurisdiction upon any review hearing either in the way of an appeal from an original hearing or by way of reopening any prior award. *Famous Barr*, 931 S.W.2d at 893; section 287.610.2, RSMo (1994).

■ Here, the ALJ had no jurisdiction once the June 1995 order dismissing the action was entered and was without authority to reopen that award. Claimant had twenty days to file for review of the June 15, 1995 order with the Commission. Claimant did not file for review of the June 1995 order of dismissal, but did file for review of the January 7, 1997 dismissal on January 31, 1997. The Commission was therefore without jurisdiction to entertain claimant's petition and to review the dismissal because claimant's petition was filed outside the twenty day time period.

On appeal, claimant asserts the Commission did have jurisdiction to hear the appeal. She first argues that the twenty day time limit did not apply because the record did not indicate that the Division of Workers' Compensation (Division) gave her proper notice of the June 1995 dismissal order. She specifically contends there was no evidence that notice of the June 1995 dismissal was mailed in compliance with sections 287.460.1, RSMo (1994) and 287.520, RSMo (1994). Claimant relies on *Eighmy v. Tandy/O'Sullivan Industries, Continental Casualty Co.*, 867 S.W.2d 688, 691 (Mo.App. S.D.1993) to support her position that the Division's failure to comply with the statutory notice requirements extended the twenty day time limit for filing an application for review.

Claimant's reliance on *Eighmy* is misplaced. In that case, there was "no hint" that the Division complied with section 287.460 by immediately sending the claimant a copy of the ALJ's dismissal of her claim. *Eighmy*, 867 S.W.2d at 691. In contrast to *Eighmy*, the record in the case before us indicates that claimant had actual notice of the June 1995 dismissal. On June 27, 1995, claimant's counsel filed a motion to set aside the dismissal. In addition, the minute entry, dated June 27, 1995. states, "SIF [Fund] dismissal set aside." A party who has received actual notice is not prejudiced by the failure to receive statutory notice and cannot challenge the propriety of the notice. *Mosby v. Treasurer of the State of Missouri*, 954 S.W.2d 11, 13 (Mo.App. E.D.1997). Having received notice, claimant's time for filing an application for review was twenty days from the order of dismissal entered on June 15, 1997.

Claimant next asserts the Division retained jurisdiction over the claim because the June 1995 dismissal was void. She cites to procedural deficiencies in the entry of the order in that it was not signed and did not state the grounds for dismissal. Assuming *arguendo* that the June 1995 order of dismissal contained procedural deficiencies, claimant failed to pursue the appropriate remedy; namely, timely application for review of that order.

Because claimant's application for review was not timely filed, the Commission was without jurisdiction to conduct further proceedings on claimant's claim for Fund benefits. The Commission properly dismissed claimant's application for review.

The judgment is affirmed.

AHRENS, P.J., and KAROHL, J., concur.