Kathleen FARMER, Appellant,

v.

BARLOW TRUCK LINES, INC., Employer Insurance of Wausau, and State Treasurer, Respondents.

No. 81030.

Supreme Court of Missouri,
En Banc.

Nov. 3, 1998.

Rehearing Denied Dec. 1, 1998.

Price C. Kellar, III, Kellar, Hays & Lynch, P.C., Springfield, for Appellant.

Ronald G. Sparlin, Greg B. Carter, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for respondents Barlow Truck Lines, Inc., 2nd Employer Ins. of Wausau.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Cara Lee Harris, Asst. Atty. Gen., Springfield, for respondent State Treasurer.

PER CURIAM.[1]

The Labor and Industrial Relations Commission decided that it did not have jurisdiction to consider Kathleen Farmer's claim for workers' compensation. She appeals. The decision is reversed, and the case is remanded to the commission for consideration of Farmer's claim.

1. The appeal in this case was originally decided by the Court of Appeals, Western District, in an opinion written by the Honorable Paul M. Spinden. Following certification to this Court by a dissenting judge, the court of appeals opinion, as modified, is adopted as the opinion of the Court.

The commission's administrative law judge (ALJ) dismissed Farmer's claim "with prejudice" when neither party appeared for a hearing on April 22, 1994. On May 10, 1994, the ALJ ordered the dismissal set aside and the case "reset in docket in regular order." No explanation for the action appears in the record.

On May 23, 1994, the ALJ transferred the case from St. Joseph to Joplin. Apparently on December 6, 1996, a second ALJ again dismissed the case:

> It is my opinion that the Missouri Court of Appeals, Southern District, would find that I have no jurisdiction in this case. There was a dismissal of this case and the dismissal was set aside without any application for [review] having been filed with the Labor and [Industrial] Relations Commission. The Eastern District in *State ex rel[.] Doe Run v. Brown*, 918 S.W.2d 303 (Mo.App.1996), and the Western District in *State ex rel[.] Famous Barr v. Labor and Industrial Relations Commission*, [931 S.W.2d 892] (Mo.App.1996), held that once a case is dismissed by the administrative law judge, the Division of Workers' Compensation does not retain jurisdiction to deal with that case in any manner absent a timely application for review to and the setting aside of the order of dismissal by the Labor and Industrial Relations Commission. I will not set this case again. I order that the file be closed.

On December 23, 1996, Farmer asked the commission to review the latter dismissal. Based on *Brown* and *Famous Barr*, the commission dismissed Farmer's request for commission review. The commission concluded that it did not have jurisdiction to consider the matter, based on sections 287.480 and 287.655,[2] because Farmer did not appeal the original dismissal within twenty days.

■ A cardinal principle of all administrative law cases is that an administrative tribunal is a creature of statute and exercises only that authority invested by legislative enactment. *Bodenhausen v. Mo. Bd. of Regis. for Healing*, 900 S.W.2d 621 (Mo. banc 1995); *Soars v. Soars–Lovelace, Inc.*, 346 Mo. 710, 142 S.W.2d 866 (Mo.1940). The statutes relating to a particular tribunal are those to be examined. As this case involves a workers' compensation claim, the relevant statutes are those contained in chapter 287.

■ Barlow Truck Lines and the treasurer note that section 287.655 provides that a dismissal by an ALJ for failure to prosecute "shall be deemed an award and subject to review and appeal in the same manner as provided for other awards in this chapter." They argue that the ALJ is prohibited by section 287.610.2 from setting aside the dismissal. We disagree.

Section 287.610.2 says, "The administrative law judges appointed by the division ... shall have no jurisdiction whatsoever upon any review hearing, either in the way of an appeal from an original hearing or by way of reopening any prior award[.]" Barlow Truck Lines and the treasurer argue that allowing an ALJ to set aside an order dismissing a case constitutes reopening a prior award and is, therefore, prohibited by section 287.610.2.

This argument fails to recognize that section 287.610.2 must be read in context with section 287.480 (appeal from an original hearing) and section 287.470 (reopening any prior award). When a dismissal for failing to prosecute is set aside prior to an application for review being timely filed and within the twenty-day period to request review, the ALJ is not performing a review function under either section 287.470 or section 287.480. Section 287.610.2 does not prohibit an ALJ from setting aside an order prior to the filing of an application for review and within the twenty days in which the dismissal can be appealed; it prohibits the ALJ from exercising a review that section 287.410 reserves to the commission. Put another way, section 287.610.2 prohibits an ALJ from acting only after the earlier of the timely filing of an application for review and the expiration of the twenty-day period to seek review.

In the context of chapter 287, the ALJ is authorized to set aside a dismissal for failing to prosecute so long as the ALJ acts prior to the filing of an application for review and within the twenty days in which the dismissal

---

2. All statutory references are to RSMo 1994.

can be appealed. This is consistent with the rationale of *Eleven Star, Inc. v. Director of Revenue*, 764 S.W.2d 521, 522 (Mo.App.1989), and *Webb v. Labor and Industrial Relations Commission of Missouri, Division of Employment Security*, 674 S.W.2d 672 (Mo.App. 1984). These cases held that an administrative tribunal has authority to set aside a dismissal for failing to prosecute provided that it acts within the time set by law for appeal of the decision and provided that the set aside is not prohibited by law.

Although *Doneff* and *Brown* appear to rely on the plain meaning rule of construction, neither case found that the words "review hearing" had a discreet meaning independent of the statutory context in which the words are found. The meaning of section 287.610.2 cannot be determined without reference to its context. To the extent *Doneff v. Treasurer of State of Missouri*, 965 S.W.2d 255 (1998),[3] and *Brown* are contrary to this opinion, they are overruled.

The commission's dismissal of Farmer's claim is reversed, and the case is remanded to the commission for full consideration of her claim.

All concur.

---

3. The parties also cite to *State ex rel. Famous Barr*, 931 S.W.2d at 892; however, in that case the court decided only that the commission lacked jurisdiction of an ALJ's decision not appealed to the commission within the twenty-day, statutory deadline. It did not address the issue of an ALJ's power to set aside its dismissal for failure to prosecute within the statutory time for appeal.