**Gloria DONEFF, Claimant/Appellant,**

v.

**TREASURER OF STATE OF MISSOURI, as Custodian of the Second Injury Fund, Respondent.**

No. 72436.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 2, 1999.

Richard W. Schaefer, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Julie K. Morian, St. louis, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

In *Doneff v. Treasurer of Missouri,* 965 S.W.2d 255 (Mo.App. E.D.1998), an administrative law judge (ALJ) entered an order setting aside his prior dismissal of a workers' compensation claim for failure to prosecute. *Doneff,* 965 S.W.2d at 256. This court held that the ALJ did not have jurisdiction to enter an order setting aside the dismissal of the claim made by Gloria Doneff (claimant). *Id.*

The Missouri Supreme Court has now held that an "ALJ is authorized to set aside a dismissal for failing to prosecute so long as the ALJ acts prior to the filing of an application for review and within the twenty days in which the dismissal can be appealed." *Farmer v. Barlow Truck Lines, Inc.,* 979 S.W.2d 169, 170–71 (Mo. banc 1998). The Court also held that *Doneff* was overruled to the extent it was contrary to the Court's opinion. *Id.* at 171. Thereafter, the Court sustained claimant's motion to recall the mandate and application for transfer. The Court retransferred *Doneff* to this court for

reconsideration in light of *Farmer* and *Wilson v. 3–M,* 979 S.W.2d 148 (Mo. banc 1998).

After reconsideration, we withdraw our previous opinion issued on February 10, 1998 and published at 965 S.W.2d 255, and issue the following opinion for this case.[1]

In a report of injury and claim for compensation, claimant stated that she was injured when she tripped over binders in a hallway. Claimant settled her claim against her employer. In June 1995, the ALJ dismissed claimant's remaining claim against the Second Injury Fund for failure to prosecute. Within twenty days of the dismissal, the ALJ set the dismissal aside.

According to a minute entry, only an attorney for the Second Injury Fund appeared on January 7, 1997 for a hearing. On January 15, 1997, the ALJ issued an order dismissing claimant's Second Injury Fund claim for failure to prosecute. On January 31, 1997, claimant filed an application for review of the January 15, 1997 dismissal order to the Labor and Industrial Relations Commission (Commission). The Commission found that the ALJ did not have authority to set aside the June 1995 dismissal for failure to prosecute. The Commission also found that after her claim was dismissed, claimant's remedy was to file a timely application for review to the Commission. The Commission concluded that the June 1995 dismissal order was final and the Commission lacked jurisdiction to conduct further proceedings. Claimant appeals from this decision.

In *Farmer,* an ALJ dismissed Kathleen Farmer's workers' compensation claim when neither party appeared for a hearing on April 22, 1994. *Farmer,* 979 S.W.2d at 170. The ALJ ordered the dismissal set aside on May 10, 1994. *Id.* The Commission dismissed Farmer's request for Commission review. *Id.* The Commission concluded that based on sections 287.480 and 287.655,[2] it did not have jurisdiction to consider the matter because Farmer did not appeal the original dismissal within twenty days. *Id.*

On appeal, Barlow Truck Lines and the treasurer noted that section 287.655 provides that a dismissal by an ALJ for failure to prosecute "shall be deemed an award and subject to review and appeal in the same manner as provided for other awards in this chapter." *Id.* Barlow Truck Lines and the treasurer argued that permitting an ALJ to set aside an order dismissing a case constitutes reopening a prior award and is, therefore, prohibited by section 287.610.2. *Id.* This section provides that "The administrative law judges appointed by the division ... shall have no jurisdiction whatsoever upon any review hearing, either in the way of an appeal from an original hearing or by way of reopening any prior award...."

The Court held that the argument presented failed to recognize that section 287.610.2 must be read in context with section 287.480 (appeal from an original hearing) and section 287.470 (reopening any prior award). *Id.* The Court stated:

> When a dismissal for failing to prosecute is set aside prior to an application for review being timely filed and within the twenty-day period to request review, the ALJ is not performing a review function under either section 287.470 or section 287.480. Section 287.610.2 does not prohibit an ALJ from setting aside an order prior to the filing of an application for review and within the twenty days in which the dismissal can be appealed; it prohibits the ALJ from exercising a review that section 287.410 reserves to the commission. Put another way, section 287.610.2 prohibits an ALJ from acting only after the earlier of the timely filing of an application for review and the expiration of the twenty-day period to seek review.

*Id.* The Court reversed the Commission's dismissal of Farmer's claim, and held that an "ALJ is authorized to set aside a dismissal for failing to prosecute so long as the ALJ acts prior to the filing of an application for review and within the twenty days in which the dismissal can be appealed." [3] *Id.* at 170–71.

---

**1.** The court's opinion, *Doneff v. Treasurer of Missouri,* 965 S.W.2d 255 (Mo.App. E.D.1998), shall have no precedential value.

**2.** All statutory references are to RSMo.1994.

**3.** In *Wilson v. 3–M,* 979 S.W.2d 148 (Mo. banc 1998), the Court reversed and remanded for the reasons stated in *Farmer.*

In the present case, the ALJ set aside the dismissal within the twenty days in which the dismissal could be appealed. No application for review of the dismissal was filed. Under *Farmer*, the ALJ here was authorized to set aside the dismissal. *Id.* at 170–71.

The decision of the Commission is reversed, and the case is remanded for further proceedings.

CLIFFORD H. AHRENS, P.J. and KENT E. KAROHL, J., Concur.