Adetayo SODIPO,
Claimant/Respondent,

v.

UNIVERSITY COPIERS,
etc., Employer,

and

Robert Holden, Treasurer of the State
of Missouri, Additional
Party/Appellant.

No. ED 76650.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 13, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 25, 2000.

Application for Transfer Denied
Aug. 29, 2000.

**808**

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul K. Petraborg, Asst. Atty. Gen., Jefferson City, for appellant.

Scott L. Bernstein, St. Louis, for respondent.

Nicholas G. Higgins, Amicus Curiae, Fenton, for Health Care Providers.

LAWRENCE E. MOONEY, Judge.

The Second Injury Fund ("SIF") appeals from the Labor and Industrial Relations Commission's ("Commission") affirmance of an award by the Administrative Law Judge ("ALJ") for Adetayo Sodipo ("Claimant") on a jurisdictional issue and increase in Claimant's monetary award. On appeal, the SIF contends that the Commission erred in: (1) considering the

1. All further statutory references are to

merits of the case because the Commission lacked jurisdiction over this matter in that the workers' compensation law does not apply when an employee and employer are related within the third degree of affinity or consanguinity; (2) ordering the SIF to pay $3,757.78 in medical expenses already paid by a private insurer; (3) ordering the SIF to reimburse Claimant for his medical expenses given that section 287.220.5 RSMo. (1994)[1] requires that payment be made directly to the medical providers; and (4) awarding attorneys' fees to be paid by the SIF, which is not authorized by section 287.220.5. We reverse and remand.

### Facts

Claimant was injured on February 17, 1995, when he was struck in the eye by a customer while working at University Copiers. As a result of the assault, Claimant suffered extensive right eye injury and required both eye and cheekbone reconstruction. Claimant subsequently filed a workers' compensation claim against Adeyemo Sodipo d/b/a/ University Copiers ("Employer"), and both parties agreed at the hearing before the ALJ that they were operating under the provisions of the Missouri Workers' Compensation Law. Although Employer thought he was covered by a valid workers' compensation policy on the date of the injury, he subsequently learned that his business was not insured by such policy. As a result, Claimant filed a workers' compensation claim against the SIF pursuant to section 287.220.5 for his medical expenses. During the hearing before the ALJ, Adeyemo testified that he was both the sole owner of University Copiers and Claimant's older brother. The ALJ issued an award against the SIF for $7,640.86 in outstanding medical expenses, subject to a 25% attorneys' fee.

The SIF requested review by the Commission of the ALJ's award on the jurisdictional issue, contending that the workers' compensation law does not apply because

RSMo. (1994) unless otherwise indicated.

Claimant and Employer are related within the third degree of affinity or consanguinity. Claimant also appealed the ALJ's decision, alleging that his outstanding medical bills totaled $13,689.86, rather than $7,640.86. The Commission affirmed the award as to the jurisdictional issue and the 25% lien for legal fees, but increased the monetary amount of Claimant's award to $17,497.64. This amount included $13,689.86 in unpaid medical expenses, and $3,757.78 in medical expenses already paid by Claimant's private insurer. The SIF appeals from the Commission's decision.

## Analysis

This appeal raises four claims of error based upon the Commission's allegedly incorrect interpretation of law in rendering its decision against the SIF. Appeals from awards made by the Commission are governed by section 287.495, which states in pertinent part that "[t]he court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing or set aside the award ... [where] there was not sufficient competent evidence in the record to warrant the making of the award."

The SIF first contends that the Commission erred in considering the merits of this case because it lacked jurisdiction over this matter in that the workers' compensation law does not apply pursuant to section 287.090.1(2) when the employee and employer are related within the third degree of affinity or consanguinity. We agree.

In pertinent part, section 287.090.1 provides that the workers' compensation law "shall not apply to ... (2) Any worker who is a member of the employer's family within the third degree of affinity or consanguinity ..."[2] The SIF did not raise the family exemption issue before the ALJ, but instead argued it for the first time before the Commission. The Commission then determined that the SIF may have had an affirmative defense pursuant to

section 287.090.1, but such defense was waived when not properly raised before the ALJ.

■ Jurisdiction has many meanings depending on the context used. Subject-matter jurisdiction is defined as the authority to determine the general question involved; if a petition states a claim belonging to a general class over which the authority of the court extends, that court has subject-matter jurisdiction. *In re Marriage of Neal*, 699 S.W.2d 92, 94 (Mo. App. S.D.1985), *citing In re Marriage of Panich*, 672 S.W.2d 718, 720 (Mo.App. S.D. 1984). However, subject-matter jurisdiction cannot be conferred by consent or agreement of the parties, by appearance or answer, or by estoppel. *State Tax Comm'n v. Admin. Hearing Comm'n*, 641 S.W.2d 69, 72 (Mo. banc 1982); Rule 55.27(g)(3).

■ In rendering its decision, the Commission relied solely upon *Schneider v. Union Electric Co.* to conclude that the family exemption was an affirmative defense rather than an exception to the Commission's subject-matter jurisdiction. 805 S.W.2d 222 (Mo.App. W.D.1991). In *Schneider*, the plaintiff was injured when his foot slipped off the rung of a ladder, which connected the roofs of two Union Electric buildings. Union Electric argued for the first time on appeal that because the plaintiff was its statutory employee, his recovery was relegated to the workers' compensation remedy. *Id.*, at 224. The Western District examined whether the trial court had actual subject-matter jurisdiction over the plaintiff's claim, because if it did not, Union Electric may raise the issue for the first time on appeal.

■ The Western District held that Union Electric's failure to plead and prove before the trial court that the plaintiff was its statutory employee and that his claim was cognizable exclusively by the workers'

2. We note that section 287.090.1(2) was amended in 1998, and the family exemption was removed from the current version of the statute.

compensation law prevented the plaintiff from introducing the issue on appeal. *Id.,* at 225. The court stated that "[a] court has subject matter jurisdiction in a case if it has jurisdiction of the class of cases which includes the particular case." *Id.* Because the appellate court concluded that the trial court was a court of general jurisdiction, the plaintiff's personal injury claim fell within such class of cases over which the trial court maintained jurisdiction. However, the Western District further stated that the workers' compensation defense raised by Union Electric is a claim that plaintiff's status as a statutory employee removed this particular case out of the court's jurisdiction of the class of cases. *Id.* Therefore, the court noted that in essence:

> The real question posed by defendant [Union Electric] concerns the jurisdiction of this particular case, rather than a general jurisdiction of the subject matter. In such cases, the rule is that where the parties have adjudicated their rights before the court to a final judgment without objection to the court's right to hear the cause, the parties will be bound on appeal so far as the question of jurisdiction over the particular case is concerned. *Id.,* at 226, *quoting People ex rel. Person v. Miller,* 56 Ill. App.3d 450, 13 Ill.Dec. 920, 371 N.E.2d 1012, 1018 (1977).

Accordingly, the Western District concluded that the plaintiff did not timely raise the exclusivity defense, and it was therefore waived. *Id.,* at 226.

 We find *Schneider* inapposite. Applying the *Schneider* analysis to the facts before us, we find the SIF did not waive its subject-matter jurisdiction argument even though first raised before the Commission because, unlike the general jurisdiction of the trial court in *Schneider,* the Commission, like all administrative bodies, maintains only limited jurisdiction as is conferred upon it by statute. *State ex rel. Doe Run Co. v. Brown,* 918 S.W.2d 303,

306 (Mo.App. E.D.1996), *rev'd on other grounds, Farmer v. Barlow Truck Lines, Inc.,* 979 S.W.2d 169 (Mo. 1998); *see* section 286.060. Therefore, assuming arguendo the distinction drawn by the Western District in analyzing subject-matter jurisdiction is valid, its analysis affords no relief to Claimant.

The workers' compensation law was intended to be an exclusive remedy for injured workers and applies to all cases within its provisions. *See State ex rel. Rival Co. v. Gant,* 945 S.W.2d 475, 476 (Mo.App. W.D.1997); section 287.120. However, the statute clearly exempts from its jurisdiction claims between individuals related within the third degree of affinity or consanguinity. Section 287.090.1(2). Moreover, the Commission exercises limited jurisdiction, and if the legislature exempts any cases from the Commission's purview, then Claimant's workers' compensation claim falls outside such class of cases over which the Commission maintains jurisdiction. Under the facts of this case, we determine the issue raised to be one of subject-matter jurisdiction, and thus not waivable. *See Redden v. Dan Redden Co.,* 859 S.W.2d 207, 210 (Mo.App. E.D. 1993), *citing Schrabauer v. Schneider Engraving Product, Inc.,* 224 Mo.App. 304, 25 S.W.2d 529 (1930). Therefore, we find that the Commission erred in concluding that any defense the SIF may have had pursuant to section 287.090.1(2) was waived when it was not properly raised before the ALJ. We reverse the decision of the Commission and remand for dismissal of the claim.[3]

RICHARD B. TEITELMAN, P.J., and CLIFFORD H. AHRENS, J., concur.

---

3. We need not address the SIF's three re-    maining allegations of error raised on appeal

as our finding on the first issue is dispositive. Appellant's Motion to Strike is dismissed as