James CALCARA, Respondent,

v.

PPG INDUSTRIES, INC., Appellant.

No. WD 66954.

Missouri Court of Appeals,
Western District.

Jan. 9, 2007.

Matthew M. Hogan, Lenexa, KS, for appellant.

Richard Helfand, Kansas City, MO, for respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA BRECKENRIDGE, and JOSEPH M. ELLIS, JJ.

## Summary

THOMAS H. NEWTON, Presiding Judge.

PPG Industries (PPG) appeals the decision of the Labor and Industrial Relations Commission's (Commission) dismissal of its application for review because it was untimely. The administrative law judge (ALJ) issued an award prior to the close of evidence. PPG informed the ALJ of its error. The ALJ accepted the evidence and subsequently issued an amended award after the close of evidence. PPG filed an application for review of the amended award with the Commission. The Commission found the application was filed twenty-three days after the original award. Ignoring the amended award, the Commission dismissed the application for being untimely. We reverse and remand with directions for the Commission to review the amended award because it was not the product of an impermissible review hearing.

## Factual and Procedural Background

Mr. James Calcara filed a claim for Workers' Compensation against PPG Industries (PPG); a hearing was conducted on July 11, 2005. The administrative law judge (ALJ) held the record open until September 15, 2005, so that Mr. Calcara could be rated and submit the rating to the ALJ. At the request of PPG, the ALJ extended the final date for evidence until October 14, 2005, so that PPG could submit responsive evidence. The ALJ issued her award on October 5, 2005. PPG filed a motion to set aside the judgment, claiming that the award was erroneously entered before the extension to submit its responsive evidence lapsed. The ALJ did not issue a written decision denying or granting the motion; rather, it issued an amended award on October 19, 2005, still favoring Mr. Calcara, with the submitted evidence incorporated. PPG filed an application for review with the Labor and Industrial Relations Commission (Commission) on October 28, 2005. The Commission dismissed the application because PPG filed it "more than 20 days after the October 5, 2005, issuance of the administrative law judge's Award." PPG appeals the dismissal.

## Standard of Review

■ Upon appellate review, we may modify, reverse, remand for rehearing, or set aside the Commission's decision only if it acted without or in excess of its powers; the award was procured by fraud; its findings of fact do not support the award; or there was not sufficient competent evidence in the record to substantiate the award. *CMR Constr. & Roofing, LLC v. Div. of Employment Sec.*, 174 S.W.3d 722, 724 (Mo.App. W.D.2005).

1. Statutory references are to RSMo. (2000) and Cumulative Supplement (2005), unless

## Legal Analysis

■ Section 287.480.1[1] requires the filing of an application for review to be done within twenty days from the date of the award. The period in which application for review is filed is strictly enforced. *See Grice v. City of St. Robert*, 824 S.W.2d 470, 472 (Mo.App. S.D.1992) (stating no exceptions exist for late filing). Applying this section, the Commission dismissed PPG's application because it failed to file within the twenty days of the October 5, 2005 award. It ignored the amended award, dated October 19, 2005. PPG claims that the Commission acted in excess of its power by calculating the days from the original award rather than the amended award. We agree.

Although the Commission failed to explain why it did not consider the amended award, it cited to section 287.610.6 in its order. This would suggest that the Commission determined the ALJ lacked jurisdiction to issue the October 19, 2005 award. The Commission's dismissal is not erroneous if the ALJ lacked jurisdiction to issue the amended award because in that case the law would preclude such a review. *See Sodipo v. Univ. Copiers*, 23 S.W.3d 807, 810 (Mo.App. E.D.2000). Thus, the issue is whether section 287.610.6 disallowed the ALJ from issuing the amended award. Section 287.610.6 states that an ALJ:

> shall only have jurisdiction to hear and determine claims upon original hearing and shall have no jurisdiction upon any review hearing, either in the way of an appeal from an original hearing or by way of reopening any prior award, except to correct a clerical error in an

otherwise indicated.

award or settlement if the correction is made by the [ALJ] within twenty days of the original award or settlement.

In construing a statute, we ascertain the legislature's intent "from the language used in the statute and, if possible, give effect to that intent." *Abrams v. Ohio Pac. Express,* 819 S.W.2d 338, 340 (Mo. banc 1991). Words and phrases within the statute are "taken in their ordinary and usual sense." *Id.* "[W]here words are plain and admit to but one meaning," construction is not allowed. *Id.* The plain meaning of section 287.610 precludes an ALJ from reviewing its award except within twenty days to correct a clerical error in an original award or settlement. Mr. Calcara seems to suggest that the amended award is the product of the ALJ's review of the original award because the ALJ "considered and ruled upon newly filed evidence." We disagree.

The October 19, 2005 award was not the result of the ALJ reviewing the original award. The statute grants the ALJ jurisdiction "to hear and determine claims upon original hearing." § 287.610.6. The phrase "upon original hearing" in its usual sense means at the end of the hearing. Here, the hearing did not end until the close of all evidence, which was October 14, 2005. The October 5, 2005 award was issued before the hearing ended. The ALJ recognized the error and corrected it. Although the mechanism used to draw the ALJ's attention to the error was a motion to set aside judgment, the ALJ did not reconsider its previous decision after a hearing. Rather, it continued the hearing and accepted the evidence, as agreed, and issued the October 19, 2005 award after the hearing. Thus, the October 5, 2005 award was vacated and the October 19, 2005 award is valid.

## Conclusion

In conclusion, the Commission erred in dismissing the application for review as untimely. The October 5, 2005 award is invalid because the hearing had not ended when the ALJ issued it. Thus, the October 19, 2005 award issued after the hearing was neither from a review hearing nor from a reopening of a prior award. Because PPG filed the application on October 28, 2005, within twenty days after the October 19, 2005 award, it was timely filed. Therefore, the Commission's decision is reversed because it acted in excess of its powers. We remand to the Commission with directions to review the October 19, 2005 award.

PATRICIA BRECKENRIDGE, and JOSEPH M. ELLIS, JJ., concur.