Clarence THOMAS, Appellant,

v.

TREASURER OF the STATE OF MISSOURI–CUSTODIAN OF the SECOND INJURY FUND, Respondent.

No. WD 72432.

Missouri Court of Appeals, Western District.

Dec. 14, 2010.

Christopher P. Sweeny, Frank D. Eppright and Elaine M. Eppright, Kansas City, MO, for appellant.

Kimberley Cox Fournier, Kansas City, MO, for respondent.

Before Division Three: ALOK AHUJA, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

This case involves the authority of a workers' compensation administrative law judge to enter an amended award. Clarence Thomas ("Thomas") appeals from the decision of the Missouri Labor and Industrial Relations Commission ("Commission") dismissing his Application for Review of an amended award as untimely. On appeal, Thomas maintains that the Commission erred because the amended award was authorized and his Application for Review was filed within twenty days of the amended award. We reverse and remand.

### Facts and Procedural History

Thomas worked as a sergeant for the Kansas City, Missouri, Police Department. Thomas sustained a work injury on July 23, 2006, when he fell and injured both shoulders and his left wrist while apprehending a suspect. Before sustaining this work injury, Thomas had significant disability related to his low back and right knee.

Thomas filed a workers' compensation claim against the Board of Police Commissioners of Kansas City, Missouri ("Employer"), and the Missouri State Treasurer as custodian for the Second Injury Fund ("Fund"). Thomas settled the claim with his Employer.

Thomas's claim against the Fund proceeded to a hearing on September 15, 2009. The Administrative Law Judge hearing the claim, the Honorable Rebecca Magruder, ("ALJ"), entered an award for Thomas on November 16, 2009 ("Award"). On one page, the Award included a finding of permanent partial disability attributable to Thomas's primary injury of 35% and on another page of 23%. The Award reflected calculated compensation in the amount of $9,639.68 using the 35% permanent partial disability finding.

On November 25, 2009, the ALJ entered an amended Award ("Amended Award"). The Amended Award used the 23% permanent partial disability finding to calculate compensation in the amount of $7,832.24. The ALJ stated that the Amended Award was being entered to correct a clerical error. At the time the Amended Award was entered, Thomas had not filed an Application for Review from the Award.

The Amended Award was transmitted to Thomas on November 25, 2009. The Amended Award was accompanied by a letter from the Commission, also dated November 25, 2009, which stated in pertinent part:

> Under the provisions of the Missouri Workers' Compensation Law, an Application for Review of the decision of the Administrative Law Judge may be made to the Missouri Labor and Industrial Relations Commission *within twenty (20) calendar days of the date of the award* . . . .
>
> If an Application for Review . . . is not postmarked or received *within twenty (20) calendar days of the date of the award,* the enclosed award becomes final and no appeal may be made to the Commission or to the courts.

(Emphasis added.) Thomas filed an Application for Review on December 14, 2009, and thus within twenty days of the Amended Award. Thomas specifically stated that he was requesting review of the Amended Award.

On January 22, 2010, the Commission acknowledged receipt of Thomas's Application for Review. The Commission observed that Thomas's Application for Review "was not filed within 20 days of the administrative law judge's original award," but that his application for review "was filed within 20 days of the issuance of the administrative law judge's amended award." The Commission gave the parties the opportunity to file briefs addressing the Commission's jurisdiction to consider Thomas's Application for Review of the Amended Award.

On April 6, 2010, the Commission entered an order ("Order") dismissing Thomas's Application for Review as untimely. The Commission held that the ALJ had no authority under section 287.610.6[1] to enter an Amended Award

---

**1.** All statutory references are to RSMo 2000 as supplemented through 2009 unless other- wise indicated.

except to correct a clerical error. The Commission held that the Amended Award corrected a judicial error, not a clerical error, as the evidence summarized in the Award would have supported calculating compensation to Thomas based on both a 23% and a 35% permanent partial disability determination. Because the Commission believed the Amended Award was unlawful, and because Thomas's Application for Review was filed more than twenty days after entry of the Award, the Commission dismissed Thomas's claim.

This appeal follows.

## Standard of Review

Our review of the Commission's Order dismissing Thomas's Application for Review is controlled by section 287.495.1, which provides:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Here, the Commission's Order involves the Commission's interpretation of section 287.610.6 and, thus, presents a question of law. Our review, therefore, is *de novo*. *Difatta–Wheaton v. Dolphin Capital Corp.*, 271 S.W.3d 594, 595 (Mo. banc 2008); *Noah v. Lindbergh Inv., LLC*, 320 S.W.3d 212, 215 (Mo.App. E.D.2010).

**2.** Section 287.480 states that an application for review of an award must be made to the

## Analysis

■ "[A]n administrative tribunal is a creature of statute and exercises only that authority invested by legislative enactment." *Farmer v. Barlow Truck Lines, Inc.*, 979 S.W.2d 169, 170 (Mo. banc 1998). The extent of the statutory authority afforded a workers' compensation administrative law judge is described in section 287.610.6, which provides:

The administrative law judges appointed by the division shall only have jurisdiction to hear and determine claims upon original hearing and shall have no jurisdiction upon any review hearing, either in the way of an appeal from an original hearing or by way of reopening any prior award, except to correct a clerical error in an award or settlement if the correction is made by the administrative law judge within twenty days of the original award or settlement.

Section 287.610.6 thus affords an ALJ the express *"jurisdiction to **hear and determine** claims upon original hearing."* (Emphasis added.) Here, it is uncontested that the Award and the Amended Award each represented the ALJ's determination of Thomas's claim following an original hearing. It is also uncontested that the Amended Award was entered within less than twenty days [2] of the Award and before an Application for Review was filed by Thomas.

Though section 287.610.6 first extends an ALJ the express authority to determine claims upon original hearing, the statute then limits an ALJ's authority, providing that an ALJ:

shall have no jurisdiction **upon any review hearing,** either in the way of an appeal from an original hearing or by way of reopening any prior award, **ex-**

Commission within twenty days from the date of the award.

*cept to correct a clerical error* in an award or settlement if the correction is made by the administrative law judge *within twenty days* of the original award or settlement."

(Emphasis added.) The Commission has interpreted this language as granting "the administrative law judge *only the authority to correct clerical errors in an award within twenty days of the entry of an award.*" (Emphasis added.) Based on this interpretation, the Commission concluded that "the administrative law judge had no authority to enter the [amended] award" because "the change made by the administrative law judge in this instance was a substantive change and not a clerical error."[3]

 The Commission has erroneously construed section 287.610.6. The Commission reads section 287.610.6 as divesting an ALJ of the authority to *determine* a claim at the precise moment an award is entered, with the ALJ's only continuing authority being the ability to amend an award to correct clerical errors for up to twenty days. The Commission's construction of section 287.610.1 mistakenly interprets the words "review hearing" and "reopening" as referring, loosely, to limitations on an ALJ's authority to modify an award in any substantive manner once it has been issued. That is not, however, what the plain and clear language of section 287.610.6 provides. "The primary rule in statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *Cook v. Newman,* 142 S.W.3d 880, 886 (Mo.App. W.D.2004).

Applying this principle, the first phrase of section 287.610.6 extends an ALJ the unfettered authority to determine claims upon original hearing. Section 287.610.6 continues to describe when an ALJ's authority to determine claims terminates, and plainly states that is "upon any review hearing." A "review hearing" is then defined by section 287.610.6 as *"either* in the way of *an appeal* from an original hearing *or* by way of *reopening* any prior award." (Emphasis added.)

An "appeal from an original hearing" is a right afforded a claimant under section 287.480. Pursuant to section 287.480.1, an appeal is initiated by the filing of an application for review within twenty days of an award. The appeal is taken *to the Commission.* Similarly, an award can be "reopened" pursuant to section 287.470 on the Commission's own motion, or upon the application of a party, but only upon a change in condition warranting recalculation of an award. Section 287.470 vests the authority to hear an application to reopen an award *in the Commission.*

It is apparent, therefore, that the legislature extended an ALJ the complete authority to *determine* a claim upon original hearing and that this authority is not extinguished until twenty days passes or until the Commission's exclusive authority is triggered by an application for review filed pursuant to either section 287.470 or section 287.480.

 Thus, an ALJ's substantive modification of an award is not an unauthorized "review" of the award if no application for review has been filed pursuant to section 287.480. An ALJ's substantive modification of an award is not an unauthorized "reopening" of the award if no application

**3.** Thomas does not contest the Commission's finding that the Amended Award corrected a judicial error and not a clerical error.

to reopen has been filed pursuant to section 287.470.[4] We conclude, therefore, that section 287.610.6 does not prevent an ALJ from determining a claim by an amended award so long as the ALJ's amended award is entered before a review hearing is initiated under either section 287.470 or section 287.480, or prior to the expiration of twenty days following entry of the original award, whichever first occurs.

We are not treading new ground with this construction of section 287.610.6. In *Farmer*, an ALJ set aside a dismissal of a claim entered for failure to prosecute. 979 S.W.2d at 170. The case was then transferred to a second ALJ for disposition. *Id.* The second ALJ concluded that he lacked authority to hear the reinstated claim pursuant to section 287.610.2 (Cum. Supp.1993), which provided, in pertinent part:

> The administrative law judges appointed by the division shall only have jurisdiction to hear and determine claims upon original hearing and shall have no jurisdiction whatsoever upon any review hearing, either in the way of an appeal from an original hearing or by way of reopening any prior award. . . .

*Id.* The Commission agreed and determined the claimant's only recourse would have been to appeal the ALJ's initial dismissal within twenty days of its entry. *Id.*

Our Supreme Court reversed, and held that "section 287.610.2[5] must be read in context with section 287.480 (appeal from an original hearing) and section 287.470 (reopening any prior award)." *Id.* "When a dismissal . . . is set aside prior to an application for review being timely filed and within the twenty-day period to request review, *the ALJ is not performing a review function under either section 287.470 or section 287.480.*" *Id.* (emphasis added). The Supreme Court observed that section 287.610.2 "does not prohibit an ALJ from setting aside an order prior to the filing of an application for review and within the twenty days in which the dismissal can be appealed." *Id.* Rather, as the Court observed, section 287.610.2 simply "prohibits the ALJ from exercising a review that section 287.410 reserves to the commission."[6] *Id.* "[T]he ALJ is authorized to set aside a dismissal . . . so long as the ALJ acts *prior to the filing of an application for review and within twenty days* in which the dismissal can be appealed." *Id.* at 170–71 (emphasis added).

Section 287.610 (Cum.Supp.1993) was amended in 1998. The language which had appeared in section 287.610.2 (Cum. Supp.1993) was moved to section 287.610.5 (Cum.Supp.1998) and was modified to read, in pertinent part:

> The administrative law judges appointed by the division shall only have jurisdic-

---

4. Section 287.470 limits the right to "reopen" an award to circumstances where a change in condition is demonstrated. Obviously, section 287.470 is necessarily referring to awards that have become final, as an award that is not final would not need to be "reopened" to be modified. Consistent with this logic, the Commission modifies awards on a regular basis when applications for review are timely filed under section 287.480 and could hardly be argued to be doing so based solely on the authority to "reopen" an award under section 287.470.

5. Referring to section 287.610.2 (Cum.Supp. 1993).

6. Section 287.410 permits the Commission to prescribe those Commission functions to be performed by the Division of Workers' Compensation, but expressly prohibits the Commission from delegating "the power and duty to review any award made under the workers' compensation law, as authorized by sections 287.470 and 287.480."

tion to hear and determine claims upon original hearing and shall have no jurisdiction whatsoever upon any review hearing, either in the way of an appeal from an original hearing or by way of reopening any prior award, *except to correct a clerical error in an award or settlement if the correction is made by the administrative law judge within twenty days of the original award or settlement.*

(Emphasis added.) The portion of section 287.610.2 (Cum.Supp.1993) construed by the Supreme Court in *Farmer* was not amended. The only change in the section was the addition of the italicized language addressing an ALJ's authority to correct clerical errors. In 2005, section 287.610.5 (Cum.Supp.1998) was renumbered as section 287.610.6 but was otherwise unchanged in any manner pertinent to this case.

The Commission's Order did not acknowledge or address *Farmer.* We are left to surmise that the Commission may have believed the 1998 amendment to section 287.610.2 (Cum.Supp.) to add reference to an ALJ's authority to correct clerical errors in an award effectively "overruled" *Farmer.* If, in fact, that is the explanation for the Commission's disregard of *Farmer,* we disagree. The language in the current version of section 287.610.6, which was addressed in *Farmer,* has not been modified by the legislature at any time since *Farmer.* The analysis in *Farmer* is not limited to the scenario of setting aside a dismissal for failure to prosecute but, instead, generally concludes that an ALJ's authority to determine claims upon original hearing does not terminate until either the passage of twenty days from entry of an award or the filing of an application for review under section 287.470 or section 287.480, whichever first occurs. Consistent with the analysis in *Farmer,* an ALJ's action

to amend, dismiss, reinstate, modify, or otherwise act with respect to an award within these confines *does not constitute the performance of a prohibited review function.* The legislature's 1998 amendment of section 287.610.2 to add the language addressing an ALJ's authority to correct clerical errors did not alter this conclusion. Instead, a plain reading of that additional passage, which also appears in the current version of section 287.610.6, simply *excepts* from the termination of the ALJ's authority "upon any review hearing" the ability to correct clerical errors in an award at any time within twenty days of its entry, *even if* an application for review has been filed. In other words, even if an application for review is filed, an ALJ has the continuing authority to correct clerical errors at any time within the twenty days following an award's issuance. We observe the Commission possesses similar unfettered authority, as section 287.610.6 also provides that "[t]he commission may also correct a clerical error in awards or settlements within thirty days of its final award." Thus, to the extent the Commission disregarded *Farmer* based on a belief that the 1998 amendment to section 287.610.2 (Cum.Supp.1993) rendered *Farmer* effectively overruled, the Commission is mistaken.

The issue of an ALJ's authority under the current version of section 287.610.6 was discussed in *Calcara v. PPG Indus., Inc.,* 211 S.W.3d 142 (Mo.App. W.D.2007). In *Calcara,* an ALJ issued an award before the original hearing in the case had been concluded. *Id.* at 144. The ALJ then issued an amended award at the conclusion of the original hearing. *Id.* We held that the ALJ had the authority to enter the amended award. *Id.* We observed that the amended award "was not the result of the ALJ reviewing the origi-

nal award" because the original award, having been entered before the conclusion of the hearing, was not entered "upon original hearing." *Id.* The Commission's Order latches on to this language and contends that *Calcara* held by necessary implication that amendment of an award entered after the conclusion of a hearing would constitute an impermissible review. We disagree. *Calcara* did not suggest that the word "review" as used in section 287.610.6 should be read more expansively than described in *Farmer.* *Calcara* simply held, on its facts, that the ALJ's amended award did not constitute the ALJ's exercise of a review function under section 287.610.6.

■ We conclude that the Commission's interpretation of section 287.610.6 distorts the legislature's clear intent. Section 287.610.6 does not divest an ALJ of the authority to determine an award once an award is entered. Section 287.610.6 does not limit the authority of an ALJ to modify an award to the correction of clerical errors. Instead, section 287.610.6 extends an ALJ the unfettered authority to determine an award until the Commission's authority is triggered by the filing of an application for a review hearing under either section 287.470 or section 287.480, or until the expiration of twenty days following entry of an award. The ALJ's authority to determine an award thus includes the authority to substantively modify an award.[7] See *AT & T Info. Sys., Inc. v. Wallemann,* 827 S.W.2d 217, 224 (Mo.App. W.D.1992) (holding that the powers of an agency in addition to those expressly given by statute include "those lying fairly within its scope"). In addition, section 287.610.6 permits an ALJ to correct clerical errors in an award at any time within twenty days after its issuance.

Even had we concluded that the ALJ did not retain the authority to enter the Amended Award, the Commission's Order would still generate concern. The Commission's November 25, 2009 letter to Thomas served as the notification of the Amended Award required by sections 287.460.1 and 287.520, and affirmatively advised Thomas that he had twenty (20) calendar days from the date of the Amended Award enclosed with the letter to submit an application for review. Though we need not and do not decide this case on this basis, it would be patently unfair to permit the Commission to dismiss an application for review of an amended award as untimely after having affirmatively advised a claimant of the right to seek review of the amended award under circumstances suggesting that the original award is of no further import.

### Conclusion

The Commission's dismissal of Thomas's Application for Review is reversed. We remand the case to the Commission for full consideration of Thomas's Application for Review from the Amended Award.

All concur.

---

7. Our conclusion is consistent with the Missouri Code of State Regulations which provides with respect to workers' compensation claims at 8 CRS 20.3.010(2)(C) that: "[a]n administrative law judge shall not have any authority to change or modify a final award issued by an administrative law judge after the lapse of twenty (20) days from the date of the issuance of the award or after an application for review (see 8 CSR 20-3.030) has been filed with the commission in connection with any final award, order or decision of an administrative law judge."