In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE
GARY M. WEIBRECHT, ) No. ED109591
 )
 Claimant/Appellant, )
 ) Appeal from the Labor and
 vs. ) Industrial Relations Commission
 )
 )
TREASURER OF MISSOURI AS )
CUSTODIAN OF SECOND INJURY FUND, )
 )
 )
 Respondent. ) Filed: December 21, 2021

 OPINION

 Gary Weibrecht (“Claimant”) appeals the decision of the Labor and Industrial Relations

Commission affirming and adopting the decision of the Administrative Law Judge, which denied

his claim for benefits from the Second Injury Fund. In his four points on appeal, Claimant

challenges the ALJ’s denial of his post-hearing motions to reopen the record and submit

additional evidence after the hearing was concluded, but prior to the ALJ’s decision. He contends

that after the hearing, the Supreme Court issued an opinion that changed which subsection of §

287.220 governed the Fund’s liability in this case and he should have been given an opportunity

to present additional evidence under the newly applicable subsection.1

1
 All statutory references are to Mo. Rev. Stat. Cum. Supp. 2016.

 1
 We reverse and remand.

 I. Background

 In 2013, in response to the Fund’s insolvency, the legislature amended the workers’

compensation law to limit the number of workers eligible for benefits from the Fund. Treasurer

of State v. Parker, 622 S.W.3d 178, 181 (Mo. banc 2021). Section 287.220 now has two

subsections. Subsection 287.220.2 retains the pre-amendment framework for Fund liability. Id.

Subsection 287.220.3 eliminates Fund liability for permanent partial disability (“PPD”) claims

and limits Fund liability for permanent total disability (“PTD”) claims by requiring that the

claimant’s preexisting disabilities be medically documented, equal at least 50 weeks of PPD, and

meet one of the criteria in § 287.220.3(2)(a)(i)-(iv). See id. Whether subsection 2 or subsection 3

governs a particular claim for Fund benefits depends on the timing of the injuries at issue.

Section 287.220.2 states that “All cases of permanent disability where there has been previous

disability due to injuries occurring prior to January 1, 2014, shall be compensated as provided in

this subsection.” Section 287.220.3(1) states that “All claims against the second injury fund for

injuries occurring after January 1, 2014, . . . shall be compensated as provided in this

subsection.”

 In February of 2017, prior to Claimant seeking Fund benefits in this case, the Western

District handed down Gattenby v. Treasurer of Missouri–Custodian of the Second Injury Fund,

516 S.W.3d 859 (Mo. App. W.D. 2017). Gattenby held that “the ‘injuries’ to which the

legislature refers in subsection 287.220.3 are all of the employee’s for which the claim is made

against the [Fund], i.e., the employee’s preexisting and primary injuries.” Id. at 862 (emphasis

in original). “Accordingly, subsection 287.220.3 applies only where both the preexisting and

primary injuries occur after January 1, 2014.” Id.

 2
 Claimant’s primary injury occurred to his low back at work on July 19, 2016. He had

previously injured his low back in 2005 and 2009 and his right shoulder in 2014. Claimant

settled his workers’ compensation claim against his employer. In December of 2017, Claimant

filed a claim for compensation against the Fund, alleging that his preexisting injuries combined

with his primary injury caused PTD; in the alternative, he sought PPD benefits. His injuries did

not all predate 2014, and he asserted in his written claim that the Fund was liable under §

287.220.2. A hearing was held before the ALJ on May 29, 2019. At the conclusion of the

hearing, the ALJ announced that the record was closed and ordered proposed awards to be filed

in 30 days.

 On June 25, 2019, before any decision by the ALJ in this case, the Supreme Court of

Missouri handed down Cosby v. Treasurer of State, 579 S.W.3d 202 (Mo. banc 2019). The Court

rejected the argument that under Gattenby, § 287.220.2 applied to the claims in that case because

the injuries did not all occur after January 1, 2014. The Court held that under the statutory

definition of “injury” and the plain and ordinary language of § 287.220.3, subsection 2 applies

when all injuries occurred prior to January 1, 2014, and subsection 3 applies when any injury

occurred after January 1, 2014. Id. Cosby directed that, to the extent it holds otherwise, Gattenby

“should no longer be followed.” Id. at 208 n.5.

 Cosby prompted Claimant in this case to file a motion to reopen the record for a

supplemental hearing, asserting that Cosby changed the law and that, because some of his

injuries occurred after January 1, 2014, his claim was now governed by § 287.220.3, not §

287.220.2 as was previously true under Gattenby. Claimant alleged that he had only prepared

evidence for the hearing that related to subsection 2 based on Gattenby because it was the

binding and controlling precedent at the time and he had no reason to present evidence relevant

 3
to subsection 3. Claimant argued that the ALJ had the authority in this situation to reopen the

record after a hearing and hold a supplemental hearing prior to issuing an award.

 The Fund agreed that the ALJ had the requisite authority, but argued that reopening the

record here was not warranted under the facts of this case. The thrust of the Fund’s objection was

that Claimant should not get a “second bite” at proving his claim under § 287.220.3. The Fund

argued that Gattenby was not binding precedent and Claimant’s reliance thereon was misplaced,

particularly given that Cosby was pending at the time of the hearing. The Fund contended that

based on the language of the statute, Claimant should have realized subsection 3 was applicable

to his claim and presented evidence accordingly.

 In a July 2, 2019, minute entry, the ALJ denied Claimant’s motion explaining that “[t]he

parties did not cite statutory authority allowing the ALJ to reopen the record after the hearing

was concluded. After applying strict construction, ALJ finds no statutory basis allowing her to

reopen the record.” Thereafter, Claimant filed a motion to reconsider, citing § 287.610.5 and 8

CSR 50-2.010 as authority for the ALJ to take additional evidence after a hearing before

rendering a decision. Claimant also requested that he be allowed to make an offer of proof as to

the evidence he would submit at an additional hearing. The ALJ again denied Claimant’s motion,

this time without explanation. Claimant filed a third motion again asking the ALJ to reopen the

record for the purposes of making an offer of proof on the record and submitting the additional

evidence for the ALJ’s consideration. Attached thereto was the proposed testimony of Dr. Paul

Hinton, his medical report and curriculum vitae, testimony that would authenticate that report

and CV, and the proposed additional testimony of the vocational expert and Claimant, both of

whom had previously testified at the hearing. That motion was again denied by the ALJ without

explanation.

 4
 In August of 2019, the ALJ issued her final award denying Claimant compensation. She

ruled that because his primary injury occurred after January 1, 2014, § 287.220.3 applied. The

ALJ concluded that Claimant’s PPD claim was not compensable under subsection 3. She denied

Claimant’s PTD claim because he had not proven that his preexisting disabilities were

compensable under § 287.220.3(2)(a)(i)-(iv) nor that they had reached the 50-week minimum.

 Claimant filed an application for review with the Commission, challenging the ALJ’s

rulings on his post-hearing requests to reopen the evidence and challenging the ALJ’s final

award. After briefing, the Commission affirmed and adopted the ALJ’s final award with a

supplemental opinion. It found the ALJ’s award denying compensation was supported by

competent and substantial evidence and made in accordance with the law. As to the ALJ’s

rulings on Claimant’s post-hearing motions, the Commission affirmed “for reasons cited in [the

ALJ’s] July 2, 2019, minute entry.” This appeal follows.

 On appeal, Claimant does not challenge the Commission’s conclusion regarding the

sufficiency of the evidence to support the ALJ’s denial of his PTD claim, conceding that §

287.220.3 applies and that the record made at the May 2019 hearing did not contain competent

and substantial evidence to support his claim under subsection 3. Rather, the issues on appeal

relate solely to the ALJ’s denial of his post-hearing requests to reopen the record and submit

additional evidence after the hearing.

 II. Standard of Review

 In general, we review the Commission’s findings, not those of the ALJ; but when the

Commission affirms and adopts the findings of the ALJ, we review the decision and findings of

the ALJ as adopted by the Commission. Townser v. First Data Corporation, 215 S.W.3d 237,

241 (Mo. App. E.D. 2007). We are permitted to review “only questions of law and may modify,

 5
reverse, remand for rehearing, or set aside the award” only on the following grounds: (1) the

commission acted without or in excess of its powers; (2) the award was procured by fraud; (3)

the facts found by the commission do not support the award; (4) there was not sufficient

competent evidence in the record to warrant the making of the award. § 287.495.1. We review

questions of law de novo. Townser, 215 S.W.3d at 241.

 III. Discussion

 In his first point on appeal, Claimant contends the ALJ erred when it denied his post-

hearing motions on the ground that she had no statutory authority2 to reopen the record and the

Commission erred in affirming these rulings for the same reason. The Fund challenges the very

premise of this point, arguing that the ALJ did not deny Claimant’s motions because she believed

she lacked the authority to reopen the record, but because the circumstances did not warrant

doing so here. We conclude that (a) the ALJ’s denials were based solely on her belief that she

lacked statutory authority to grant Claimant’s requests; (b) the ALJ had the requisite statutory

authority to reopen the record and take additional evidence, and the Commission erred in

concluding otherwise; and (c) this error requires remand to allow the ALJ to rule on the merits of

Claimant’s requests.

 ALJ’s Ruling

 The Fund’s characterization of the ALJ’s ruling is belied by the record. The ALJ

expressly stated in denying Claimant’s first motion that she found “no statutory basis allowing

her to reopen the record” after the hearing was concluded. There could be no clearer indication

2
 At times, the parties refer to the ALJ’s “jurisdiction” to reopen the record and take additional evidence, but this
issue is more properly characterized as a matter of the ALJ’s statutory authority to act. See Treasurer of State -
Custodian of Second Injury Fund v. Mickelberry, 606 S.W.3d 150, 155 (Mo. App. W.D. 2020) (reviewing
jurisprudence regarding difference between court’s constitutional subject matter jurisdiction and administrative
agency’s statutory authority).

 6
that the ALJ did not believe she had the authority to grant Claimant’s request. And there is no

indication that she changed her opinion in denying Claimant’s subsequent motions. Nor does it

appear that the ALJ engaged in any analysis of the merits of any of Claimant’s post-hearing

motions. Moreover, the Commission expressly adopted the grounds stated in the ALJ’s denial of

Claimant’s first motion as the basis for affirming the ALJ’s denial of all Claimant’s post-hearing

motions. In other words, the Commission concluded the ALJ had no statutory authority to reopen

the record after the hearing concluded. As discussed below, this conclusion was erroneous.

 ALJ’s Statutory Authority

 “[A]n administrative tribunal is a creature of statute and exercises only that authority

invested by legislative enactment.” Farmer v. Barlow Truck Lines, Inc., 979 S.W.2d 169, 170

(Mo. banc 1998). Agency powers not only include those expressly given by statute, but also

those “inherent in the very nature of its function and implied in the statutes and regulations.”

Oberreiter v. Fullbright Trucking, 24 S.W.3d 727, 729 (Mo. App. E.D. 2000).

 The statutory authority afforded a workers’ compensation administrative law judge is

described in § 287.610.5. In pertinent part, that provision states:

 The administrative law judges appointed by the division shall only have jurisdiction
 to hear and determine claims upon original hearing and shall have no jurisdiction
 upon any review hearing, either in the way of an appeal from an original hearing or
 by way of reopening any prior award, except to correct a clerical error in an award
 or settlement if the correction is made by the administrative law judge within twenty
 days of the original award or settlement.

§ 287.610.5 (emphasis added).3 This provision extends “unfettered authority” to an ALJ to hear

and determine the award in the first instance. Thomas v. Treasurer of State of Missouri-

Custodian of Second Injury Fund, 326 S.W.3d 876, 883 (Mo. App. W.D. 2010). Section

3
 Over the years this subparagraph 5 has been renumbered, but has remained substantively the same since 1998.

 7
287.610.5 only prohibits the ALJ from exercising review functions reserved exclusively for the

Commission, namely an “appeal” pursuant to § 287.480 or “reopening the award” pursuant to §

287.470. See id. at 879-81; see also Farmer, 979 S.W.2d at 170–71; § 287.410 (providing that

review power “may not be delegated” and “shall be exercised exclusively by the commission”).

Thus, the ALJ’s authority to hear and determine the award continues until the Commission’s

review authority is triggered, either by the filing of an application for review or the expiration of

the time in which to do so. See Thomas, 326 S.W.3d at 883.

 In Thomas, the court held that although not expressly provided for in the statute, the ALJ

had the power to substantively modify an award after it was entered because that was fairly

within the scope of the ALJ’s statutory power to hear and determine an award upon original

hearing. Id. And, because the ALJ’s modification in that case was not based on reconsideration

of a previously entered decision, it was not considered a review function reserved for the

Commission. Id. at 880-81. Similarly here, Claimant did not ask the ALJ to review or reconsider

any decision, as none had yet been made. Rather, she was asked only to reopen the record and

consider additional evidence before making a decision in the first place. Doing so would not

have constituted a review function. See id.

 As in Thomas, the power to reopen a closed record after a hearing and take additional

evidence at a subsequent hearing, before the ALJ has entered an award, is not expressly

conferred by statute. See id. at 883. But it falls well within the scope of the ALJ’s broad statutory

authority under § 287.610.5 to “hear and determine claims upon original hearing.” “Upon

original hearing” means “at the end of the hearing,” and an award cannot be determined before a

hearing is concluded. Calcara v. PPG Industries, Inc., 211 S.W.3d 142, 144 (Mo. App. W.D.

2007). Deciding when the original hearing of evidence has actually concluded, such that a

 8
determination of the claim can be made, is a power inherent in the ALJ’s very function as the

original arbiter of claims.

 Moreover, the relevant regulations implicitly authorize the ALJ to take the specific action

requested here: reopen a closed record after a hearing and take additional evidence at a

subsequent hearing before entering an award. First, the regulations expressly contemplate that

the circumstances may dictate the filing of additional evidence after a hearing has concluded:

 All parties shall be prepared to introduce all relevant evidence when the case is
 heard. Continuances to file additional evidence will only be granted for good cause
 shown, when the administrative law judge who conducted the hearing decides that
 the additional evidence is necessary for a full and complete hearing.

8 CSR 50-2.010(11). Second, the ALJ can take that additional evidence at a subsequent hearing

because--while there is a preference for all relevant evidence to be submitted at a single hearing-

-further hearings are not prohibited. See id; see also 8 CSR 20-3.060(1)(stating Commission’s

preference for a “single hearing” and its policy “continuances or further hearings are not

favored”). Finally, the fact that the record is “closed” at the conclusion of a hearing does not

divest the ALJ of authority to take additional evidence thereafter. An ALJ could simply use her

authority to “issue all interlocutory orders necessary to the proper and expeditious handling of

the case” to enter an order reopening the record. 8 CSR 20-3.010(2)(A)(emphasis added).

 The ALJ had the requisite authority to grant Claimant’s requests. Therefore, the

Commission acted beyond its powers when it affirmed the denial of those requests on the ground

that the ALJ lacked the authority to do so.

 Point I is granted.

 Ultimately, as discussed below, this error necessitates remand for the ALJ to rule on the

merits of Claimant’s request. We do not, therefore, reach the remaining points on appeal. We do,

however, address a legal issue regarding the status of the law at the time of the May 2019

 9
hearing, which has been fully briefed by the parties and is certain to arise on remand. See Parker,

622 S.W.3d at 181 n.3 (addressing statutory construction prior to remand to avoid unnecessary

litigation and delay).

 Controlling Law

 As noted above, “all relevant evidence” should be submitted when the case is heard and a

request to submit additional evidence can only be granted “for good cause shown, when the

[ALJ] who conducted the hearing decides that the additional evidence is necessary for a full and

complete hearing.” 8 CSR 50-2.010(11). What constituted “all relevant evidence” at the time of

the hearing depends on which subsection of § 287.220 applied to Claimant’s claims at that time.

Claimant argues that Gattenby was the controlling law at that time, under which § 287.220.2

applied to his claims and § 287.220.3 evidence was irrelevant. When Cosby abrogated that

precedent and held that subsection 3 applied, Claimant contends that provided “good cause” for

him to request the record be reopened. The Fund argues that, notwithstanding Gattenby, it has

always been true under a strict reading of the statute that subsection 3 applied to the claims in

this case, a proposition the Fund says was merely reaffirmed by Cosby. We agree with Claimant.

 Gattenby was the sole judicial interpretation of § 287.220.3 at the time of the May 2019

hearing in this case.4 Gattenby reached its conclusion that subsection 3 only applied when all

injuries occurred after January 1, 2014, after careful analysis of the language in § 287.220 using

well-known principles of statutory interpretation and following the requirement that the workers’

compensation law be strictly construed. 516 S.W.3d at 861-62. Gattenby was followed in another

4
 Though it was a Western District case, Gattenby was applicable everywhere in the state. See generally Akins v.
Director of Revenue, 303 S.W.3d 563, 567, n.4 (Mo. banc 2010) (clarifying that constitution created “one court of
appeals for the entire state of Missouri,” districts are not separate appellate courts, and circuit courts are not required
to follow decisions from only a particular district of the court of appeals). The Fund’s contention that pursuant to
local rules an appellate court in another district could have chosen not to follow Gattenby has no bearing on its
precedential value in the absence of such conflicting opinions.

 10
case shortly after it was handed down. Maryville R-II School District v. Payton, 516 S.W.3d 874,

882 (Mo. App. W.D. 2017) (holding that “under Gattenby” § 287.220.2 applies where primary

injury occurred after January 1, 2014, but preexisting injury predated 2014).

 The Fund sought transfer of Gattenby to the Supreme Court on grounds similar to its

argument here, that the Western District’s interpretation of § 287.220.3 contradicted the statutory

language. The Supreme Court denied that application for transfer in May of 2017. It was not

until the Cosby case made its way to the Supreme Court in July of 2018, on a constitutional

challenge to the statute, that the Court addressed the flaws in Gattenby’s interpretation. See

Cosby, 579 S.W.3d at 208 n.5 (finding that Gattenby “failed to acknowledge” the statutory

definition of “injury” and the plain and ordinary language of § 287.220.3). But in the meantime--

and until Cosby directed that it no longer be followed--Gattenby was the only authoritative

precedent on this issue and was repeatedly relied on by ALJs and the Commission. See, e.g.,

Employee: James Hood, Injury No. 14-018909, 2018 WL 415937, at *1 (Mo. Lab. Ind. Rel.

Com. Jan. 10, 2018) (“Following Gattenby, then, we must conclude that the more rigorous

requirements under § 287.220.3 RSMo do not apply to this claim” involving pre-2014 injuries);

Employee: Gale Hardiwck, Injury No. 14-077425, 2018 WL 619295, at *9 n. 1 (Mo. Lab. Ind.

Rel. Com. Jan. 25, 2018) (“As Claimant’s alleged preexisting disabilities pre-date 2014, I have

avoided any discussion of Section 287.220.3, per Gattenby”); Employee: Jonathan Parker,

Injury No. 14-042039, 2019 WL 2903963, at *10 (Mo. Lab. Ind. Rel. Com. June 26, 2019)

(adopting ALJ’s award, issued during pendency of Cosby appeal, which held that “preexisting . .

. condition pre-dated the statutory changes to § 287.220 and therefore the decision in Gattenby . .

. controls”).

 11
 Pursuant to Gattenby, at the time this case was heard Claimant’s claim was governed by §

287.220.2.5 Therefore, evidence relating to § 287.220.3 was not relevant at the time of that

hearing and Claimant had no reason to present any such evidence at the hearing. After the

hearing, but before the ALJ’s decision, Cosby abrogated Gattenby. There is no dispute that under

Cosby, Claimant’s claim is now governed by § 287.220.3 and evidence pertaining to the

requirements thereunder is now relevant. Under the circumstances in this case, including the

unique timing of events, this change in the law meets the “good cause shown” requirement in 8

CSR 50-2.010(11).

 But that does not end the inquiry. There must be a decision as to whether the particular

evidence proffered by Claimant actually pertains to the requirements of § 287.220.3 and whether

that evidence is necessary for a full and complete record. See 8 CSR 50-2.010(11). This is a

decision for the ALJ “who conducted the hearing” to make in the first instance.6 Id. Because the

ALJ never made any such decision in this case, remand is necessary.7

 Remand

 The ALJ’s authority under § 287.610.5 “to hear and determine claims upon original

hearing” expired in this case when the application for review to the Commission was filed. See

5
 There was no discussion at the hearing regarding which subsection governed Claimant’s claims. But the parties
stipulated to, among other things, a rating for Claimant’s PPD claim--a claim for which there would have been no
Fund liability if subsection 3 applied. There would have been no reason to enter a stipulation about the PPD claim
unless the parties believed, at that time, that subsection 2 governed this case.

6
 Although the Claimant’s proposed evidence is included in the record on appeal, he provides this Court no basis for
determining the relevance or necessity of any particular piece of evidence; rather, he simply asserts broadly that the
additional evidence together with the evidence already submitted at the hearing “will support an award of PTD from
the Fund” pursuant to § 287.220.3.

7
 The Fund suggests the result is unlikely to change on remand, pointing to the Commission’s denial of Claimant’s
separate and distinct request pursuant to 8 CSR 20-3.030(2). That regulation governs requests to submit to the
Commission evidence that is newly discovered after the ALJ hearing, which is a wholly different standard than
applies to the ALJ’s consideration of Claimant’s motion under 8 CSR 50-2.010(11). Thus, the Commission’s denial
under 8 CSR 20-3.030(2) has no bearing on the ALJ’s determination under 8 CSR 50-2.010(11).

 12
Thomas, 326 S.W.3d at 883. But that statute also provides that the Commission “may remand

any decision of an administrative law judge for a more complete finding of facts,” and that

remand gives the ALJ limited authority to make such findings. § 287.610.5; see also Tidwell v.

Walker Construction, 151 S.W.3d 127, 133 (Mo. App. S.D. 2004) (citing statute and holding that

ALJ “has authority only ‘to hear and determine claims upon original hearing’ absent remand by

the commission ‘for a more complete finding of facts’”) (emphasis added). This is the procedural

remedy we direct the Commission to employ here: remand to the ALJ for more complete factual

findings. Specifically, the ALJ must make a finding as to the relevance and necessity of the

proffered evidence under § 287.220.3 and then, if she decides to add that or any other evidence to

the record, make more complete factual findings based on that evidence. To be clear, the

Commission’s remand at our direction does not give the ALJ the authority to reconsider her

original determination of Claimant’s claim based on her additional factual findings or to

otherwise engage in a review function reserved for the Commission. See Thomas, 326 S.W.3d at

880-81. Instead, if the ALJ makes findings of fact on remand, then the Commission may, at the

request of either party, review the ALJ’s original award based on this more complete record.

 IV. Conclusion

 The Commission’s decision affirming the ALJ’s post-hearing rulings is reversed, and the

Commission’s award is set aside. The case is remanded to the Commission with directions as

follows.

 (1) The Commission is directed to remand the case to the ALJ to:

 (a) make a finding as to whether the evidence proffered by Claimant in
 his post-hearing motions is relevant under § 287.220.3 and
 necessary for a full and complete hearing of Claimant’s PTD claim
 under that subsection; and

 13
 (b) if the ALJ accepts that or any other additional evidence into the
 record, make a more complete finding of facts based on that
 evidence.

 (2) After the ALJ completes the above directives on remand, either party may request
 the Commission to:

 (a) review the ALJ’s findings under (a) or (b) above; or

 (b) review the ALJ’s original determination denying Claimant’s claims
 for PTD benefits under § 287.220.3.

 _______________________________
 Colleen Dolan, Judge

Philip M. Hess, P. J, concurs.
Angela T. Quigless, J., concurs.

 14